[No. 3994.]

MCALLISTER v. THE PEOPLE. FOR THE USE OF BRISBANE ADMINISTRATOR DE BONIS NON OF THE ESTATE OF LEITZMAN, DECEASED.

1. PRINCIPAL AND SURETY—RELEASE—DISMISSAL OF ACTION.

Where an action was brought against a principal and his surety a dismissal as to the principal where the remedy was expressly reserved against the surety by taking judgment against him did not operate as a discharge of the surety.

2. PRINCIPAL AND SURETY—ADMINISTRATOR'S BOND—DISMISSAL OF ACTION AGAINST PRINCIPAL—LIABILITY OF SURETY.

Under the statutes of Colorado the obligee in an administrator's bond may sue all or any one or more of the obligors, and where an action was brought against the principal and surety on such bond the action could be dismissed as to the principal and continued as to the surety without discharging the surety from liability.

3. Aᴅᴍɪɴɪsᴛʀᴀᴛᴏʀ's Bᴏɴᴅ—Aᴄᴛɪᴏɴ Uᴘᴏɴ—Iᴛᴇᴍɪᴢᴇᴅ Sᴛᴀᴛᴇᴍᴇɴᴛ—Aᴅᴍɪɴɪsᴛʀᴀᴛᴏʀ's Rᴇᴘᴏʀᴛ.

In an action against the surety on an administrator's bond for failure of the administrator to account for certain moneys which came to his hand, in response to a demand of defendant for an itemized account, the administrator's report filed in the county court showing the balance due as it appeared from an itemized statement of his receipts and expenditures is a sufficient itemized account to be furnished.

4. Aᴅᴍɪɴɪsᴛʀᴀᴛᴏʀs—Aᴄᴛɪᴏɴ Uᴘᴏɴ Bᴏɴᴅ—Eᴠɪᴅᴇɴᴄᴇ—Bᴏᴏᴋ Eɴᴛʀɪᴇs.

In an action upon an administrator's bond the fact that the administrator *de bonis non* was permitted to testify from a book given him by his predecessor in which was kept the accounts of his predecessor as administrator, without introducing the book in evidence, was immaterial where the record of the county court, in which precisely the same items of account appeared, was afterwards introduced in evidence.

5. Eᴠɪᴅᴇɴᴄᴇ—Cᴏᴜʀᴛ Rᴇᴄᴏʀᴅs.

If a county court permits one of its record books to be taken into another court as evidence, the objection that the original, and not a certified copy, is produced, is not tenable.

*Appeal from the District Court of Lake County.*

Mr. A. W. Sᴛᴏɴᴇ and Mr. N. Rᴏʟʟɪɴs for appellant.

Mr. J. E. Hᴀᴠᴇɴs for appellee.

Cʜɪᴇғ Jᴜsᴛɪᴄᴇ Cᴀᴍᴘʙᴇʟʟ delivered the opinion of the court.

Edward Forbes was the administrator of the estate of Charles Leitzman, deceased. For his failure well and truly to administer its assets, the county court of Lake county, having jurisdiction of the matter, removed him and appointed W. H. Brisbane administrator *de bonis non*. This action was brought by the latter against Forbes, as principal and H. D. McAllister, as surety, on Forbes' official bond to recover the amount due the estate because of the administrator's default.

Both Forbes and McAllister were served with process.

The plaintiff voluntarily dismissed as to Forbes, and took judgment against McAllister, who had suffered default. Afterwards, this default and judgment were set aside, and upon a trial to the court without a jury a judgment for $3,422.69 was rendered against the surety.

1. The first objection to the judgment is that the action of the plaintiff in dismissing the action as to Forbes operated as a release of the principal in the bond, and consequently a discharge of the surety. Whether the dismissal released the principal, we need not inquire. The remedy against the surety was expressly reserved by the obligee by taking judgment against him, and the surety, therefore, was not discharged. 1 Brandt on Suretyship and Guaranty, § 147. Whatever the law be elsewhere, our statute (2 Mills Ann. Stats., Sec. 4807; Gen. Stats. 1883, Sec. 3632) permits the obligee in an administrator's bond to sue all, or any one or more, of the obligors at his pleasure. When the action was dismissed as to the principal, and continued as to the surety, it was the same as though the action in the first instance had been brought by the obligee against the surety only. This is permitted by section 13 of the civil code, as well as by the section of the general statute cited.

2. Complaint is made that in response to the demand of the defendant the itemized account furnished by the plaintiff was inadequate, and the court improperly allowed the trial to proceed without a sufficient statement. It is contended by plaintiff, as this is an action upon a bond, and not upon an account, that section 63 of the code, providing for an itemized statement in an action on account, is not applicable. That question is not important here, for a sufficient itemized statement was furnished. The breach of the bond consisted in the failure of the administrator to account to the estate for certain moneys which came into his hands and the statement furnished was a copy of the report which the administrator filed in the county court, showing the

balance due, as it appeared from an itemized statement of his receipts and expenditures.

3. It is urged that the trial court erred in admitting certain evidence introduced by the plaintiff. Brisbane, the administrator *de bonis non*, was permitted to testify that the administrator Forbes, at the time of the former's appointment, handed to him as his successor a book in which were kept Forbes' accounts as administrator, and Brisbane was permitted to testify therefrom, without introducing the book in evidence. Whether this was erroneous or not, is not material, for the record of the county court, in which precisely the same items of account appeared, was afterwards introduced in evidence. As the trial was to the court without a jury, the testimony of the administrator *de bonis non* was not prejudical, even if erroneous. But it is said that the court improperly ruled in permitting the record itself, rather than a certified copy, to be introduced in evidence. We are not now considering the question whether the judge, or clerk, of the county court can be compelled to produce in the district court its record as evidence when the statute makes a certified copy admissible. If the county court permits one of the books of its office to be taken into another court as evidence, the objection that the original, and not a certified copy, is produced, is not tenable.

1 Mills Ann. Stats., Secs. 1101, 1102, 1103 (Gen Stats. 1883, Secs. 512, 513, 514).

There is no merit whatever in any of the objections urged against this judgment, and it is accordingly affirmed.

*Affirmed.*