BOARD OF EDUCATION OF DETROIT *v.* ANDREWS.

1. OFFICERS — LIABILITIES ON BONDS — DEFENSES AVAILABLE TO SURETIES.
   Where it does not appear that the fact that the treasurer of a board of education was a stockholder in the bank in which, with the board's consent, he deposited the board's funds, was known to the board as a whole, the sureties on his bond cannot successfully claim that the board knew of his purpose to violate the law.

2. SAME—MISCONDUCT IN APPOINTMENT.
   Misconduct of a board of education in appointing a certain per-

son treasurer, in consideration of his promise to pay interest on the funds in his hands, does not render the appointment void, and cannot be urged as a defense by the sureties on the treasurer's bond.

3. SAME—CONTROL OF FUNDS.

Mere assent by a board of education to a deposit of its funds in the bank of which its treasurer is an officer, does not make the deposit the board's act, so as to release the sureties on the treasurer's bond, where the funds were at all times under control of the treasurer, and he could at any time have withdrawn the entire amount.

Error to Wayne; Hosmer, J.   Submitted October 19, 1905.   (Docket No. 88.)   Decided December 30, 1905.

Assumpsit by the board of education of Detroit against Henry R. Andrews, principal, and Cullen Brown and others, sureties, on a bond.   There was judgment for plaintiff, and defendant Brown brings error.   Affirmed.

*John W. Beaumont,* for appellant.

*P. J. M. Hally* (*T. E. Tarsney,* of counsel), for appellee.

MONTGOMERY, J.   This action is on the bond of the defendant Andrews as treasurer of the plaintiff.   The other defendants are sureties on the bond. ' Judgment was entered on a directed verdict.   Defendant Brown brings error.

The main facts developed in this record are stated in the case of *Board of Education of Detroit* v. *Union Trust Co.;* 136 Mich. 454, and will not be here repeated.   The question presented in that case was whether the deposit of the plaintiff's funds in the City Savings Bank was a special deposit in such sense as to entitle plaintiff to priority over the general depositors.   We held that the plaintiff had such knowledge of the deposit of the funds in the bank and had acquiesced therein in such manner that it was not entitled to treat the deposit as other than a general deposit.   It was implied in the opinion that resort could

be had to the bond of the treasurer to make good any deficiency.

It is contended in this case that the board of education was guilty of such fraud as releases the bondsmen. The record discloses that before the appointment of defendant Andrews, he addressed a letter to the board, offering to pay $2\frac{1}{2}$ per cent. on daily balances if re-elected as treasurer, and that he was thereupon elected. It also appears that it was expected that Andrews would deposit the funds in the bank of which he was an officer. It is also asserted that it was known to the plaintiff board that Andrews was a stockholder in the bank; but this we think was not proven. It is true that one member knew of this fact or had heard of it, but it does not appear that all the members of the board nor that a majority knew of the fact. The fact that it did not appear that Andrews was a stockholder was held to differentiate *Board of Education of Detroit* v. *Union Trust Co.* from *Board of Fire & Water Com'rs of Marquette* v. *Wilkinson*, 119 Mich. 655 (44 L. R. A. 493). So, in the present case, the fact that it does not appear that the knowledge that Andrews was a stockholder was known to the board as a whole furnishes an answer to the claim that the board knew of a purpose to and of an actual violation of the law in making a deposit in a bank in which the treasurer had a pecuniary interest.

It is apparent, however, that there was misconduct on the part of the board in appointing Mr. Andrews in consideration of a promise to pay interest on the funds in his hands. This did not render his appointment wholly void, but voidable. He was *in fact* appointed treasurer and required to give the bond in suit. The law makes it the duty of the board to exact a bond for the protection of the public. We are of the opinion that under these circumstances the misconduct of the members of the board cannot be urged as a defense by the sureties. There is a distinction in the law as to the duty owing by an obligee to the surety between private persons and public officials act-

ing on behalf of the public. *Hogue* v. *State*, 28 Ind. App. 285; *City of Detroit* v. *Weber*, 26 Mich. 284. The rule established by the weight of authority and recognized by this court is that, where the bond is given for the benefit of the public, there is no implied condition that other public officers shall perform their prescribed duties, and that one who becomes a surety on the bond of a public official must be held to have entered into the engagement with knowledge of this rule. *Hart* v. *United States*, 95 U. S. 316. This distinction was clearly made by Mr. Justice CAMPBELL in *City of Detroit* v. *Weber*, 26 Mich., at page 294. See, also, *County of Waseca* v. *Sheehan*, 42 Minn. 57 (5 L. R. A. 785); Throop on Public Officers, § 202; *Buhrer* v. *Baldwin*, 137 Mich. 263.

The defendant's counsel makes the further contention that the funds were never in the hands of the treasurer as such, but that the deposit was made with the bank by the direction of the board, and that the responsibility for the solvency of the bank must be held to have been assumed by the plaintiff. We held in the case of *Board of Education of Detroit* v. *Union Trust Co.*, supra, that the board had assented to the keeping of their fund in the bank, and could not insist that it was a special deposit. The question of whether it was as between the board and the treasurer in the custody of the latter was not involved. We think on this record it clearly appears that the funds were at all times within the control of the treasurer. He could at any time have withdrawn the entire amount. He was at liberty to take the funds into his own custody or deposit the same in any other bank.

No error appears.

The judgment is affirmed.

MCALVAY, GRANT, BLAIR, and HOOKER, JJ., concurred.