ROYAL INDEMNITY CO. v. CLIFF WOOD, COAL & SUPPLY CO.

(Circuit Court of Appeals, Sixth Circuit. February 12, 1926.)

No. 4468.

1. Parties ⊜⇒26—Action may be maintained against either or both of two persons who are jointly and severally bound on a single obligation.

Generally, action may be maintained against either or both of two persons who are jointly and severally bound on a single obligation.

2. Municipal corporations ⊜⇒348—Under Ohio statute, materialman may bring action against defaulting contractor's surety alone, though principal and surety were jointly and severally bound.

Where contractor constructing public improvement had defaulted, materialman was entitled to maintain action against surety alone, on bond conditioned to pay for labor performed or material furnished, notwithstanding principal and surety were jointly and severally bound, in view of Gen. Code Ohio, §§ 11242, 11258.

3. Municipal corporations ⊜⇒348—Ohio statute held not to require materialman to furnish surety statement, where contractor abandoned work.

Materialman need not furnish surety statement of amount due, as required by Gen. Code Ohio, § 2365–3, where it appears that contract was abandoned and work was never accepted, so that statute could not be complied with, and sufficient excuse for not furnishing statement was shown by allegation in petition that contractor abandoned work.

In Error to the District Court of the United States for the Western Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Action by the Cliff Wood, Coal & Supply Company against the Royal Indemnity Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. E. Garling, of Lima, Ohio, and Fraser, Hiett & Wall, of Toledo, Ohio, for plaintiff in error.

J. H. Goeke and Dan R. Tripplehorn, both of Lima, Ohio, for defendant in error.

Before DENISON, MOORMAN, and KNAPPEN, Circuit Judges.

MOORMAN, Circuit Judge. There is a statute of Ohio requiring one about to enter into a contract to construct a public building or other improvement to execute bond, with surety, to pay for all labor performed or material furnished in the construction or improvements to be made. The plaintiff in error was surety on a bond executed to the city of Lima for the construction of an in-

tercepting outfall sewer. The contractor defaulted in the performance of his contract, and this action was brought against the surety to recover for material furnished on the work.

The bond bound the principal and surety jointly and severally. The contract, which was made a part of the bond by reference, provided that the principal would faithfully perform the work specified conformable to the terms, conditions, and requirements of the plans and specifications. Section 11242 of the General Code of Ohio provides that, if the contractor forfeits his bond or renders his sureties liable thereon, the person injured thereby who is entitled to the benefits of the security may bring an action thereon in his own name "against the person [contractor] and his sureties to recover the amount to which he is entitled by reason of the delinquency." It is contended by the surety company that, if a materialman desires to avail himself of this provision, he must sue both the principal and surety, and not the surety alone, as plaintiff has done.

[1, 2] The general rule is that an action may be maintained against either or both of two persons who are jointly and severally bound on a single obligation. Walsh Construction Co. v. City of Cleveland (D. C.) 250 F. 137. This was an Ohio contract, and a statute of the state provides that "one or more of the persons severally liable on an instrument may be included in the same action thereon." Section 11258, G. C. It is true that in Aucker v. Adams & Ford, 23 Ohio St. 543, it was held that suit could not be maintained against the surety alone on the official bond of a justice of the peace. But there the bond, from the nature of the case, could be nothing more than one of indemnity. The defendant here was more than an indemnitor against official affirmative misconduct. By the terms of the bond it was bound for the full performance of every undertaking of the principal, and carried the full obligation if the principal did nothing. Besides, in Indemnity Co. v. Granite Co., 126 N. E. 405, 100 Ohio St. 373, 12 A. L. R. 378, a recovery was had against the surety alone on a contractor's bond given to the city of Cleveland, and it was pointed out, in discussing one of the points made in that case (though the question here presented was not raised), that as to surety engagements, for which compensation was received, "the earlier rule of strictissimi juris adopted for the protection of sureties should not apply." In this situation, and in view of the aim of the statute—the protection of those who furnish labor and material for public improvements—the Aucker Case cannot be regarded as controlling. As in U. S. v. Surety Co. (C. C. A.) 5 F.(2d) 412, we think it would be too narrow a construction to say that the words "against the person and his sureties" forbid the bringing of an action against the surety alone. The right to sue both is permissive, but not exclusive.

[3] The remaining contention is that plaintiff failed to perform the condition precedent to the maintenance of this action required by section 2365—3 of the Ohio Statutes; that is, having furnished material for use on the work, it failed, "within ninety days after the acceptance thereof by the duly authorized board or officer," to furnish the surety a statement of the amount due on that account. It clearly appears that no such statement was furnished. But it further appears that the contractor abandoned its contract and the work was never accepted. The plaintiff, therefore, could not comply with the statute. But it is said that in these circumstances it was the duty of plaintiff to show a legal excuse for not performing the condition. If that be true, a sufficient answer is that the petition alleged and the answer admitted that the contractor abandoned the work before completing it. This was all that was required.

Judgment affirmed.