MARYLAND CASUALTY COMPANY *v.* JONES.

No. 524. Argued April 18, 1929.—Decided June 3, 1929.

*Mr. Walter L. Clark,* with whom *Messrs. John Ralph Wilson, W. G. Bonta,* and *Roszel C. Thomsen* were on the brief, for petitioner.

*Mr. Nat Schmulowitz,* with whom *Messrs. Ernest L. Brune* and *Frederick T. Hyde* were on the brief, for respondent.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The respondent brought an action at law against the petitioner in a superior court of California, to recover upon an indemnity bond. The case was removed to the federal

District Court; and was there tried by the court, without the intervention of a jury, which was duly waived by a written stipulation of the parties. Rev. Stat. § 649. The District Court made special findings of fact on which it gave judgment against the defendant. Upon a writ of error this judgment was affirmed by the Circuit Court of Appeals. 27 F. (2d) 521. The case is here for limited review, on the question whether that court erred in failing to review the rulings of the District Court in the progress of the trial, excepted to at the time and duly presented by a bill of exceptions. 278 U. S. 596.

In the progress of the trial the court made various rulings adverse to the defendant in respect to the admission and exclusion of evidence; denied a motion for nonsuit made by the defendant at the close of the evidence, based on the asserted lack of evidence as to various matters essential to a recovery on the bond; and referred the case to a special master to take further testimony and state an account. To each of these rulings the defendant excepted at the time; and all of these exceptions were duly presented by a bill of exceptions.

After the coming in of the report of the special master the court made special findings of fact, upon which it entered judgment against the defendant. There was no exception to these findings; nor any request for different findings.

In connection with the writ of error the defendant filed twenty-one assignments of error. Some of these were directed to special findings made by the court, and others were specifically directed to the rulings of the court on the admission and rejection of evidence, the denial of the motion for nonsuit, and the reference to the special master.

Despite the fact that all of these assignments of error appeared in the record, the Circuit Court of Appeals stated in its opinion that "All the assignments of error are based

upon the insufficiency of the testimony to support the special findings," and—after stating that on the record presented the court could not consider the sufficiency of the testimony to support the special findings, and that it was not contended that the findings were in themselves insufficient to support the judgment,—affirmed the judgment of the District Court, without referring to or considering the assignments of error relating to the rulings of the court in the progress of the trial.

1. Upon the record in this case the action of the Circuit Court of Appeals appears to have been erroneous. Sec. 700, Rev. Stats., specifically provides that when an issue of fact in a civil cause is found and determined by the court without the intervention of a jury, according to § 649, " the rulings of the court in the progress of the trial of the cause, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed." The right granted by the statute to a review of the rulings made during the progress of the trial, is not lost because of the fact that a general finding or special findings sufficient apparently to support the judgment are thereafter made by the court. See *Fleischmann Co.* v. *United States*, 270 U. S. 349, 355, 356; *Lewellyn* v. *Elec. Reduction Co.*, 275 U. S. 243, 248.

Here the rulings of the court to which the defendant excepted and as to which it assigned errors, plainly related to matters of law. The motion for nonsuit—which corresponded to a motion for a directed verdict—presented the question whether the evidence, with every inference of fact that might be drawn from it in favor of the plaintiff, was sufficient in matter of law to sustain a judgment. See *Central Transp. Co.* v. *Pullman's Car Co.*, 139 U. S. 24, 38. This presented a question of law which is reviewable—just as a motion by the plaintiff at the close of a trial without the intervention of a jury, for a declaration

that he is entitled to judgment, presents a question of law which is reviewable by the appellate court. *St. Louis* v. *Western Union Telegraph Co.*, 148 U. S. 92, 96; *Bank of Waterproof* v. *Fidelity & Deposit Co.*, 299 Fed. 478, 482; *Griffin* v. *Thompson* (C. C. A.), 10 F. (2d) 127, 128; *Sartoris* v. *Utah Construction Co.*, 21 F. (2d) 1, 2. The statement made in *Humphreys* v. *Third National Bank* (C. C. A.) 75 Fed. 852, 855, quoted in *Fleischmann Co.* v. *United States, supra*, p. 356, on which the plaintiff relies, has, plainly, no reference to the review of a ruling made in the progress of a trial as to such a question of law, but relates merely to the mode of presenting for review the conclusions of law involved in special findings.

2. It is urged that the action of the Circuit Court of Appeals in stating that the assignments of error related only to the special findings and in failing to consider the assignments relating to the rulings of the court during the trial, is to be explained by the fact that all the assignments of error except those relating to the special findings had been waived, under the rules of the court, by the failure of the defendant to set them forth in the specifications of error contained in its brief. And for the purpose of determining this question we are asked to examine a copy of the defendant's brief in the Circuit Court of Appeals which has been tendered as an exhibit to the plaintiff's brief in this Court. This is not a part of the record and cannot be looked to by us. The record, to whose consideration we are limited, discloses no waiver of any of the assignments of error that had been filed. Nor does the court in its opinion refer to any waiver as a reason for not considering the assignments.

3. Since on the face of the record the failure of the Circuit Court of Appeals to consider the assignments of error relating to rulings at the hearing is unexplained, and its action appears to have been erroneous, its judgment must be reversed. And the case will be remanded to that

court, with instructions to consider the several assignments of error relating to the rulings of the trial court in the progress of the trial, and—unless they have been waived—take further proceedings in regard thereto. See *Krauss Bros. Co.* v. *Mellon,* 276 U. S. 386, 394; *Buzynski* v. *Luckenbach S. S. Co.,* 277 U. S. 226, 228.

*Reversed and remanded.*