## KIRK, SUPERINTENDENT OF PUBLIC WORKS, ET AL. *v.* THE PROVIDENCE MILL COMPANY.

No. 675. Argued April 26, 1929.—Decided June 3, 1929.

*Mr. Gilbert Bettman,* Attorney General of Ohio, with whom *Messrs. L. F. Laylin, Joseph A. Godown,* and *Leroy W. Hunt* were on the brief, for appellants.

*Mr. Karl E. Burr,* with whom *Messrs. U. G. Denman* and *T. W. Christian* were on the brief, for appellee.

Mr. Justice Stone delivered the opinion of the Court.

This is a direct appeal, under § 266 of the Judicial Code, from a final decree, following an interlocutory decree, of a district court of three judges for southern Ohio, enjoining appellants, the state director of highways, the superintendent of public works of Ohio, and county commissioners, from draining or otherwise interfering with the flow of water in a section of the Miami & Erie Canal, in such manner as to interfere with the rights of appellee to take surplus water under a grant from the state to appellee's predecessor in interest. The questions presented are the same as those in No. 674, *Kirk* v. *Maumee Valley Electric Company, ante,* p. 797, decided this day, the only difference being in the nature of the grant under which appellee derives its rights to the water.

The grant here involved is embraced in an indenture of September 1, 1842, between the commissioner of the Board of Public Works and one Minor, as readjusted on February 23, 1846. By it Minor, a riparian owner, released and quit claimed to the state all claims against it arising out of the use and occupation by the state of water from the Maumee River and of lands used in the construction and operation of the Wabash & Erie canal,

now the Miami & Erie. This release was made in consideration of a perpetual grant by the state, made after the passage of the Act of March 23, 1840, 38 O. L. 87, discussed at length in our opinion in No. 674, *Kirk* v. *Maumee Valley Electric Company, supra.* By the grant the state sold and conveyed a specified quantity of water " except when otherwise necessary for the navigation of the canal " and the contract as readjusted was similarly restricted. The grant was subject to the limitations of the Statute of 1840, and the rights conferred under it did not, for present purposes, differ from those considered in No. 674. They were likewise subject to the reserved power of the state to abandon the canal and devote it to other purposes, which was exercised by the Act of the Ohio Legislature of May 11, 1927, 112 Ohio Laws 350, for the reasons discussed at length in No. 674, and equally applicable here, the judgment below is

*Reversed.*