## ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. MID-CONTINENT PETROLEUM CORPORATION.

### No. 173.

Circuit Court of Appeals, Tenth Circuit.

Aug. 22, 1930.

Rehearing Denied Oct. 24, 1930.

See, also, 43 F.(2d) 358.

Ralph F. Potter, of Chicago, Ill., and R. A. Kleinschmidt, of Tulsa, Okl. (Cassels, Potter & Bentley, of Chicago, Ill., and Kleinschmidt & Johnson, of Tulsa, Okl., on the brief), for appellant.

R. H. Wills, of Tulsa, Okl. (J. C. Denton, J. H. Crocker, I. L. Lockewitz, and H. M. Gray, all of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

The appellant complains of a judgment rendered on July 3, 1929, in its favor for $7,500, with interest from that date, in a suit it brought against the appellee, and claims the judgment should have been for $10,595.-75, with interest from August 9, 1926. The suit arose from a policy issued by the appellant to the appellee insuring the latter against loss by damages it might sustain in excess of $10,000 on account of death or injury to its employees.

The petition of the plaintiff (appellant here) alleged that three of such employees had been killed in an explosion on June 30,

1926, that pursuant to the policy and a letter of the defendant (appellee here), of July 28, 1926, the plaintiff in co-operation with the defendant had made settlement with the heirs in two of the cases, for $13,000, and another settlement with the heirs in the third case where suit had been brought, for $4,500; wherefore, the defendant became bound to reimburse the plaintiff to the extent of $10,000. It was further alleged that under another provision of the policy and the authorization of the defendant, it had become liable to the plaintiff for outlays made in the defense and settlement of these claims, amounting to $595.70. It was alleged that the defendant refused to pay the demands, and judgment was prayed for $10,595.75, and interest. The said letter of July 28, 1926, which is exhibited with the petition, is as follows:

"Mid-Continent Petroleum Corporation
"Tulsa, Oklahoma, July 28, 1926.
"Zurich General Accident and Liability Insurance Co., Ltd.,
"Insurance Exchange Building,
"Chicago, Illinois.
"Gentlemen:
"At a conference in Tulsa today with your Mr. Fuller and Mr. Kleinschmidt, concerning policy No. 5002586 and any liability that may have been incurred thereunder by reason of the death of the three persons in our plant near Drumright, Oklahoma, on June 30, 1926, we stated that it is satisfactory to us for you to undertake to effect settlements with the representatives of the deceased, and that in doing so you are free to use the services of our Mr. Graybill, leaving for future determination the amount of money in excess of $7500, if any, we will contribute to such settlements.

"It is understood that you and we are at liberty to assert any rights we may have under the policy in question, and that such settlements are to be made without prejudice to rights of either of us.
"Yours truly,
"Mid-Continent Petroleum Corporation
"By J. C. Denton, Vice-President."

Another letter of the defendant, dated August 9, 1926, and exhibited with the petition, relates to the settlement of the two claims for $13,000, and is apparently an answer to a letter of the same date from the plaintiff requesting a check for $7,500 to apply on its liability. The answer was that: "We prefer not to issue any check till settlement has been made of all the cases involved or pertaining to the liability incurred under the policy in question. When you have effected settlements of all claims arising out of the deaths of the three persons referred to in our letter to you of July 28, 1926, we shall be glad to furnish you voucher in the sum of $7500."

The answer consisted of a general denial and other defenses. The policy was admitted and there was a concession that the employees were killed, and that the plaintiff was notified thereof and of its liability for damages in excess of $10,000. It was alleged the plaintiff investigated the deaths, informed the defendant it was fearful the damages would exceed $10,000, and urged settlement; that the defendant was not interested in the matter of settlement; that the plaintiff requested permission to negotiate for the settlements, and by reason thereof the defendant wrote the letter of July 28, 1926; that the plaintiff accepted the offer contained in the letter, and upon that authority made the settlements; that the letter, ratified by the plaintiff, fixed the limit of defendant's liability at $7,500, and any further sum the defendant might agree to pay, but it was not so agreed; that prior to suit, the defendant had tendered to plaintiff $7,500, in full settlement of plaintiff's claim, but plaintiff refused to make settlement for less than $10,000.

By a reply, the plaintiff denied the averments of the answer and alleged that the defendant, by ratifying and accepting the benefits of the settlements and payments as alleged in the petition, is estopped to deny its liability to reimburse plaintiff to the amount provided by the insurance policy.

The cause was tried to the court upon the evidence of the parties, a jury being waived in writing. The judgment entry of July 3, 1929, recites that the plaintiff moved for judgment, but the motion was denied, that the court found the plaintiff entitled to judgment against the defendant for $7,500, with interest at 6 per cent. per annum from August 5, 1926, and costs, and judgment was rendered accordingly. On application of the defendant, the judgment was modified so as to allow interest at 6 per cent. per annum from July 3, 1929. The plaintiff then moved for the allowance of interest at that rate first from August 9, 1926, and next from April 7, 1927; but the motions were denied.

It is contended by the appellee that the case should not be considered on the merits, because the bill of exceptions does not show it contains all the evidence introduced at the trial, it does not conform to rule 10 of this court, and neither questions of fact nor law are reviewable on this record.

In avoidance of the first objection, it is said that the transcript discloses the equivalents of a recital that it embraces all the evidence. We doubt whether they are sufficient, but pass this question as unnecessary for decision, and proceed to consider certain sections found in title 28 of the U. S. Code (28 USCA), applicable to actions at law.

Section 773 provides that a finding of the court upon the facts in a cause tried without a jury shall have the same effect as the verdict of a jury. Section 879 forbids a reversal on a writ of error for any error of fact. But questions of law are open to review, and it was a question of law whether there was substantial evidence to uphold the finding of the trial court. It was needful for the appellant to request or move for a declaration of law, or take an equivalent step in the trial court. Wear v. Imperial Window Glass Co. (C. C. A.) 224 F. 60. But the plaintiff moved for judgment upon the evidence, the motion was denied, and an exception was reserved. And that motion raised a question of law for review as to the sufficiency of the evidence. Maryland Casualty Co. v. Jones, 279 U. S. 792, 49 S. Ct. 484, 73 L. Ed. 960; United States Fidelity & Guaranty Co. v. Board of Commissioners (C. C. A.) 145 F. 144; Pennok Oil Co. v. Roxana Petroleum Co. (C. C. A.) 289 F. 416. By section 875, rulings at a trial excepted to and duly presented by a bill of exceptions may be reviewed on appeal, and upon a special finding the review extends to the sufficiency of the facts found to support the judgment.

But the bill of exceptions in this case does not conform to rule 10 of this court, which requires the evidence to be set out in condensed and narrative form. This record is a literal transcript of the evidence and the trial proceedings. The rule is of value as a matter of economy to litigants and convenience to the court. If it should be relaxed in one case, it should be in others, and would soon fall into disuse. It has been consistently enforced by this court in Tingley v. United States, 34 F.(2d) 1; Caldwell v. United States, 36 F.(2d) 738; Hood v. United States, 43 F.(2d) 353, decided August 2, 1930; and other cases. We therefore decline to consider the so-called bill of exceptions, and by it determine whether as a question of law the plaintiff's motion for judgment upon the evidence should have been sustained, and also to review the rulings at the trial which are presented on this appeal.

Further errors are assigned relative to the judgment. It is contended the appellee's letter of July 28, 1926, required the payment of $10,000. The letter was not a concession of liability beyond $7,500. It fairly authorized the appellant to settle the claims, but it limited appellee's liability, and left the excess of its contribution to future determination. This has been sought by the suit. In order that any further liability might be established, it was necessary to determine whether the settlements were such as to bind the appellee for a reimbursement beyond $7,500. In view of the general denial in the answer, they could only be inquired into from the evidence, which is not properly embodied in a bill of exceptions, and are not presented for consideration. The like observations apply to the outlays made in defending the damage claims. They were denied, and as the question of the proofs is not open to our inquiry, they are not reviewable. The alleged estoppel against the appellee to question the settlements also depends on the evidence. The result is the judgment for $7,500 against appellee must be affirmed.

The matter of interest on the recovery remains for consideration. It is ruled by the state law. New York, L. E. & W. R. Co. v. Estill, 147 U. S. 591, 13 S. Ct. 444, 37 L. Ed. 292. Section 5972, Comp. Okla. Stat. 1921, authorizes the allowance of interest to any person entitled to recover damages certain, or capable of being made certain by calculation, from the day a right recovery is vested. But here the damages were unliquidated and the statute does not apply. The rule in Oklahoma is the plaintiff is not entitled to interest upon unliquidated damages before judgment. City of Chickasha v. Hollinsworth, 56 Okl. 341, 155 P. 859; St. Paul Fire & Marine Ins. Co. v. Robison, 72 Okl. 269, 180 P. 702. The liability of the appellee was uncertain during the pendency of the suit, and the trial court correctly allowed the interest from the date of judgment.

We conclude the judgment should be, and it is in all respects, affirmed.