**WYNNE v. FRIES et al.**

No. 5743.

Circuit Court of Appeals, Sixth Circuit,
June 13, 1931.

W. L. Guice, of Biloxi, Miss., and A. C. Roudebush, of Cincinnati, Ohio, for appellant.

W. M. Shohl, of Cincinnati, Ohio (Dinsmore, Shohl & Sawyer, of Cincinnati, Ohio, on the brief), for appellee.

Before DENISON and HICKENLOOPER, Circuit Judges, and WEST, District Judge.

WEST, District Judge.

This was an action on promissory notes given for lands in Mississippi. Steiner and Ach, who will be termed defendants, set up as defenses that the lands were purchased and notes executed by a certain development company by its sole trustee, constituting a common-law trust, and not by or for them; and that the entire transaction was void for fraud practiced upon the vendee by the vendor, to which defenses reply was filed. Trial by jury was waived in writing, the case was heard by the court, and at the conclusion of all the evidence the defendants moved for judgment in their favor. After oral argument, the judge announced his tentative view that a certain document in evidence declared a trust and not a partnership, and, after further argument respecting the defense of fraud, said in effect that he regarded the validity of the trust as the immediately important question, and gave the parties thirty days to present briefs; and "we will let it rest that way and consider the matter submitted." We get this from the bill of exceptions. On April 3, 1930, the court filed its decision found in the transcript, but not incorporated in the bill of exceptions. Therein it ruled that "the motion made by counsel for defendants at the close of plaintiff's case in chief and renewed at the close of all the evidence, as appears above from the record, should be and it is, therefore, sustained. An entry may be drawn accordingly and submitted to the court for approval." No exception was reserved to this ruling either when it was announced or later. Thirteen days afterwards judgment was entered, and the entry shows that this was upon consideration of the pleadings, evidence, and argument of counsel. The entry states: "Upon the issues joined thereon the court finds for the defend

ants, Lawrence Ach and Albert Steiner. It is therefore considered and adjudged that plaintiff's petition be and hereby is dismissed as to the defendants, Lawrence Ach and Albert Steiner, and that the defendants, Lawrence Ach and Albert Steiner, go hence without day and recover from plaintiff their costs herein expended. To all of which plaintiff excepts." No special findings were requested or made. Appellant's motion for new trial was overruled, to which he excepted.

Errors are assigned to the granting of the motion for judgment at the close of the testimony, to the judgment given in favor of defendants when it should have been for the plaintiff, to the ruling that the articles of agreement in evidence constituted a common-law trust and not a partnership, to the holding that defendants as beneficiaries in the trust were not liable as partners or otherwise on the notes, to rulings upon the evidence, and to the overruling of the motion for new trial.

■ While the motion to dismiss was not based on any stated reasons, the trial court treated it as raising the question of the sufficiency of the evidence to justify a verdict for the plaintiff, and we think we should so regard it. That a ruling upon such a question can be reviewed is decided in Maryland Casualty Co. v. Jones, 279 U. S. 793, 49 S. Ct. 484, 73 L. Ed. 960, and many other cases.

■ In cases such as this, section 875, tit. 28, U. S. C. (28 USCA § 875), permits a review of rulings made by the court in the progress of the trial, if they are excepted to at the time and duly presented by a bill of exceptions. And here, as shown by the transcript, neither of these requirements was met. The record discloses no exception to the decision on the question of law raised by the motion, but only an exception to the judgment. And the decision is not embodied in the bill of exceptions.

The absence of an exception to the preliminary ruling on the law, as distinguished from the judgment, is fatal. The judgment, which was the court's general finding upon the facts (title 28, § 773, U. S. C. [28 USCA § 773]) was not based on the decision of the motion or insufficiency of the evidence to support a verdict, but in express terms upon the issues joined between the parties. In addition to adjudging that the defendants go without day and recover costs, the petition was dismissed, but that did not alter the character of the judgment as a general finding. It was not made "in the progress of the

trial," but after its conclusion. And the exception raised no question of law or fact which this court has power to consider. Lewellyn v. Elec. Reduction Co., 275 U. S. 243, 248, 48 S. Ct. 63, 72 L. Ed. 262; Fleischmann Co. v. United States, 270 U. S. 350, 46 S. Ct. 284, 70 L. Ed. 624; Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401; Martinton v. Fairbanks, 112 U. S. 670, 5 S. Ct. 321, 28 L. Ed. 862; Cooper v. Omohundro, 19 Wall. 65, 22 L. Ed. 47; Norris v. Jackson, 9 Wall. 125, 19 L. Ed 608; Zurich Gen. Acc. & L. Ins. Co. v. Mid-Continent P. Corp., 43 F.(2d) 355, 357 (C. C. A. 10); Ocean Accident & Guarantee Corp. Ltd., v. Pearson, 37 F.(2d) 896 (C. C. A. 6); Federal Intermediate Credit Bank v. L'Herisson, 33 F.(2d) 841, 843 (C. C. A. 8); People's Bank v. International Finance Corp., 30 F. (2d) 46 (C. C. A. 4); Oyler v. C., C., C. & St. L. Ry. Co., 16 F.(2d) 455, 456 (C. C. A. 6). Plaintiff claims that certain statements found in the decision should be regarded as findings of fact; but that is not permissible. Fleischmann Co. v. United States, supra; Ocean Accident & Guarantee Corp. v. Pearson, supra.

It has been held that a trial such as this ends for the purposes of section 875 when the court files its decision on the law. Seep v. Ferris-Haggarty Copper Mining Co., 201 F. 893 (C. C. A. 8); United States Fidelity & G. Co. v. Board of Com'rs (C. C. A. 8), 145 F. 144, and cases cited at page 151. Whether this rule prevents exceptions being noted at any time after the decision, even though prior to the court's final action, is not necessary to decide; no such exception having been offered.

No special finding of fact or separate ruling as to the law concerning the alleged common-law trust or its bearing upon the defendants' liability, was requested or made. And any decision of these matters was incidental to the court's ruling upon the motion to dismiss and for judgment, which for want of timely exception cannot be reviewed.

■ The briefs filed by appellant set out the assignments of error to the introduction and exclusion of evidence, but present no argument in support of these assignments, and we consider them waived under Wege v. Safe-Cabinet Co., 249 F. 696 (C. C. A. 6). See Maryland Casualty Co. v. Jones, supra, 279 U. S. page 796, 49 S. Ct. 484, 73 L. Ed. 960. The action on plaintiff's motion for new trial presents nothing for review. Cooper v. Omohundro, supra.

Judgment affirmed.