## LOUVIERS v. UNITED STATES.
### No. 6877.

Circuit Court of Appeals, Ninth Circuit.

Dec. 5, 1932.

Rehearing Denied Jan. 9, 1933.

Walter H. Hanson and F. C. Keane, both of Wallace, Idaho, for appellant.

H. E. Ray, U. S. Atty., and William H. Langroise, Sam S. Griffin, and Ralph R. Breshears, Asst. U. S. Attys., all of Boise, Idaho, for the United States.

Before WILBUR and SAWTELLE, Circuit Judges, and CAVANAH, District Judge.

CAVANAH, District Judge.

The appellant Emil Louviers and three others were indicted on thirteen counts for a violation of the National Prohibition Act (27 USCA). At the time of the trial, two of the defendants had not been apprehended, and appellant and defendant Blackstock were tried together, which resulted in a verdict of guilty on counts 3, 4, 5, 6, 7, 8, and 9, of possession and sale of liquor, and not guilty on the remaining counts. Appellant assigns six errors, of which 1 and 2 were waived upon the oral argument, 3 and 4 based on instructions given, and 5 and 6 based on the receiving of the verdict and pronouncing of sentence thereon, which he claims presents the question of insufficiency of the evidence.

Of 3 and 4 it will suffice to say that the instructions given were substantially correct. Assignment 3 relates to the status of prohibition agents of the government and the necessity of the government having them in the enforcement of the law; that they should be considered as men engaged in the discharge of their duties, and give as much credit to their testimony in the judgment of the jury as any other witness, and no more. This instruction correctly states the status of national prohibition agents, and their duties under the law, whose testimony is entitled to the same credit as that of any other witness in the judgment of the jury under the record. The mere fact that evidence was received as to the general reputation for truth and veracity of Prohibition Agent Cook would not make this instruction error where the court confined it to credit to be given to the testimony of prohibition agents in the judgment of the jury under the evidence, and where he stated further in the instructions that "the credibility of witnesses is always exclusively for you." In this instruction the court further commented on the evidence, which he had the power to do. Horning v. District of Columbia, 254 U. S. 135, 41 S. Ct. 53, 65 L. Ed. 185.

Assignment 4 is predicated upon an instruction given referring to failure to call Stalker, a prohibition agent, who was present in the court room at the time of the trial and was not called by either party. Stalker was with Cook on Cook's visits to the Stage

cigar store and probably had knowledge of all the facts that were in dispute. The court stated the correct rule that "if a witness is available it might be assumed he could give favorable testimony, and if not called it might be presumed really to be unfavorable, yet as a matter of fact, either party could have called him, the defense as well as the prosecution." The rule in this respect is equally applicable to both the government and the defense. 10 R. C. L. 886.

 Touching upon the sufficiency of the evidence as to appellant which he claims under assignments 5 and 6, we have concluded to consider it, although appellant did not interpose a motion for directed verdict, and the certificate of the trial judge failed to recite that the bill of exceptions contained all of the testimony, upon the contention that the record, shows plain error. However, before an appellate court would be justified in considering the question as to the sufficiency of the evidence to sustain a conviction under such circumstances, it must appear from the record that plain error exists. We have examined the evidence and cannot say that plain error exists, for the evidence is sufficient to establish the fact that appellant was a part owner of the place and whisky where the government agents made purchases of whisky. He met the agents and escorted them to the back door in the rear of the building where there was a saloon with a bar and where four or five men were drinking; a number of drinks of whisky were then purchased by the agents, and Ryan, who was attending bar, received the money and rung it up in the cash register. Appellant then stated to the agents that he was part owner of the building, bar room, and cigar store, and that he owned the whisky. He then escorted the agents to the front door, and on the way out the defendant Blackstock stepped back and pulled a rope attached to the door which opened it. As they were leaving, appellant said: "I want you fellows to turn around." He then called to Blackstock and said: "Shorty, look these fellows over so that you will know them the next time they come back." Thereafter the agents returned to the place with a search warrant, searched it, and found bar fixtures, glasses, and other paraphernalia that goes with the operation of such a place, and a bottle of beer underneath the floor. There were other circumstances than those to throw light on the conduct of appellant in connection with the operation of the place. The defendants, in substance, denied the testimony of the gov-

ernment's witnesses, which presented a substantial conflict in the evidence, and therefore the case became one for the jury, and who they believed and the weight to be given to their testimony. On the entire record there was a close co-operation between the appellant and the other parties operating the place where liquor was kept and sold.

The conviction of appellant on counts 3, 4, 5, 6, 7, and 8 must be upheld, and the judgment is affirmed as to those counts; but as to the conviction on count 9, there appears no evidence to show appellant guilty, and the judgment is reversed and modified as to count 9, with directions to the lower court to set it aside as to that count.