**ALEXANDER, Collector of Internal Revenue, v. CONTINENTAL PETROLEUM CO.**

**No. 615.**

Circuit Court of Appeals, Tenth Circuit. March 8, 1933.

T. H. Lewis, of Washington, D. C. (Herbert K. Hyde, U. S. Atty., and William Earl Wiles, Asst. U. S. Atty., both of Oklahoma City, Okl., and C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and Eldon O. Hanson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., on the brief), for appellant.

Thomas D. Lyons, of Oklahoma City, Okl. (David H. Blair, of Washington, D. C., and T. P. Gore, of Tulsa, Okl., on the brief), for appellee.

Before LEWIS, COTTERAL, and PHILLIPS, Circuit Judges.

COTTERAL, Circuit Judge.

This suit was brought by the Continental Petroleum Company to recover an excess payment of income tax for the year 1925, which was due to a refusal by the Commissioner of Internal Revenue to allow a deduction claimed for depletion.

On December 21, 1921, the Continental Petroleum Company agreed, in writing, with the Transcontinental Oil Company (both Delaware corporations) the former would on January 25, 1922, sell and assign to the latter certain oil leases it had acquired in Creek county, Okl., for $5,000,000, of which $1,000,000 was to be paid in cash, three installments of $500,000 each were evidenced by notes, and the remaining $2,500,000 was to be paid out of one-half of the oil produced and credited to the leasehold interests, provided the cash payment should be credited with one-half the oil run, and the $2,500,000 should be credited with the other half, between December 24, 1921, and the date of delivery of the transfers. There were provisions for securing the payments by liens, for the sale of the equipment used or held for use upon the leases, and for the delivery of abstracts of title.

An "assignment" was executed on February 8, 1922, whereby a three-fourths interest in the leases was sold and transferred to the Transcontinental Oil Company, and a one-fourth to M. L. Benedum (an assignee of that interest). The equipment was also transferred. Conditions were annexed. One was a reservation to the vendor of one-half the lessee's share of the oil when produced, until it should be credited with $2,471,241. The others were that liens should be secured on the equipment, and the transfers were subject to the terms of the leases, as approved by the Secretary of the Interior. The considerations were a cash payment of $600,361.38; four notes, one for $384,000 and three others for $500,000 each, maturing at different dates and secured by vendor's liens, except that one note for $500,000 was to be placed in escrow, and the vendee was to pay vendor $2,471,241 out of one-half the oil credited to vendor's working interest, acquired by vendee. When the notes were paid, the liens were to be released, and on the payment in oil, the reservation thereof was to be satisfied.

A collateral agreement between the parties of the same date provided safeguards against defects in the title to the leases.

The controversy in the suit was whether

the plaintiff reserved an interest in the oil production that was subject to depletion. The cause was tried before the District Court, upon waiver of a jury. That court found the plaintiff was entitled to the deduction claimed.

The appeal presents the controversy to this court. It is urged by the plaintiff that the finding of the District Court forecloses inquiry into the facts and bars a review of the questions of law. The contention would be sound in respect of the facts, if there was a finding upon any disputed issues. Stinson v. Business Men's Acc. Ass'n (C. C. A.) 43 F. (2d) 312. But only questions of law were involved upon the undisputed evidence, and they were saved by defendant's requests for special findings and for a judgment in his favor. White v. United States (C. C. A.) 48 F.(2d) 178; Maryland Casualty Co. v. Jones, 279 U. S. 792, 49 S. Ct. 484, 73 L. Ed. 960.

The depletion statute here involved is section 234 (a) (8), Revenue Act of 1926 (44 Stat. c. 27, pp. 41, 42, 26 USCA § 986 (a) (8), which is set out in the lower margin.[1]

The defendant contends, in substance, that the transfer of the leases was absolute, and as a result left no reserved interest in the vendor subject to depletion. We may agree that the transaction was a sale of the leases. But it was not an end of plaintiff's interest in the production of the oil. We consider further that as the leases were located in Oklahoma the lessees had no title to the oil in place and acquired only a right to produce the oil and reduce it to possession, when ownership attached. Rich v. Doneghey, 71 Okl. 204, 177 P. 86, 88, 3 A. L. R. 352; Alexander v. King (10 C. C. A.) 46 F.(2d) 235, 74 A. L. R. 174, certiorari denied 283 U. S. 845, 51 S. Ct. 492, 75 L. Ed. 1455. But they had a property right that was undoubtedly subject to an allowable depletion. Commissioner v. Molter (C. C. A.) 60 F.(2d) 498. The question is whether the plaintiff was entitled to it, in view of the reservation in the sale.

It is to be noted that the Revenue Act does not limit the taxpayer's interest. It broadly

[1] "Sec. 234 (a) In computing the net income of a corporation subject to the tax imposed by section 981 [230] of this title there shall be allowed as deductions: * * *

"(8) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the commissioner with the approval of the Secretary. In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee."

authorizes a reasonable allowance for depletion "according to the peculiar conditions in each case," and specifies that "in the case of leases the deductions * * * shall be equitably apportioned between the lessor and lessee."

There is no occasion to review the citations and arguments on which defendant relies, as we are persuaded the controversy is ruled by the decision of the Supreme Court, in Palmer v. Bender, 53 S. Ct. 225, 77 L. Ed. —— (January 9, 1933), where a like statute was involved. There the depletion was claimed by Palmer, a member of two partnerships, which had sold certain leases. One of the sales was in consideration of a cash bonus and a payment "out of one-half of the first oil produced and saved," and the other was of like character. The interest, as defined by state law, to which the Revenue Act was applied, was held to be irrelevant; and the depletion was sustained.

We do not doubt that the decision applies to the present controversy and controls its disposition.

The judgment in this case is therefore affirmed.