## AMERICAN SURETY CO. OF NEW YORK v. PUBLIC SCHOOLS OF CITY OF BENTON HARBOR, MICH.

### No. 6516.

Circuit Court of Appeals, Sixth Circuit.

May 8, 1934.

C. H. Farrell, of Kalamazoo, Mich. (Richard H. Paulson, of Kalamazoo, Mich., on the brief), for appellant.

H. S. Gray, of Benton Harbor, Mich. (Willard J. Banyon, of St. Joseph, Mich., on the brief), for appellee.

Before MOORMAN and SIMONS, Circuit Judges, and TAYLOR, District Judge.

MOORMAN, Circuit Judge.

George W. Larkworthy was treasurer of the Public Schools of the City of Benton Harbor, Mich. The appellant was surety on his official bond in the penal sum of $40,000. In this suit brought against the appellant for the full liability on the bond it was alleged that Larkworthy had collected and failed to account for funds belonging to the schools in the amount of $46,150.44. The defense was that he had fully performed all conditions of the bond, and had faithfully and truly accounted for and paid over to the schools all moneys which had come into his hands as their treasurer. Both the petition and answer confuse the issue of funds unaccounted for by the treasurer with two sums of money on deposit in the Benton Harbor State Bank when the bank failed December 17, 1931:

One of $26,664.56 in the name of "George Larkworthy, Treasurer" and designated "School Account"; the other $19,485.88 in the name of George W. Larkworthy and designated "Special Collection Account." The case was tried by the court without a jury and a general judgment rendered in favor of the appellee for the amount claimed. No findings of fact or law were requested or made. At the conclusion of all the evidence the appellant moved the court for a directed verdict upon stated grounds. We treat this motion as raising the question of the sufficiency of the evidence to support the judgment. Maryland Casualty Co. v. Jones, 279 U. S. 792, 795, 49 S. Ct. 484, 73 L. Ed. 960.

The grounds of the motion were: (1) That there could be no recovery against the appellant because the principal obligor in the bond, the treasurer, was not made a party defendant to the suit; (2) that $26,664.56 of the amount claimed had been placed in appellee's custody by depositing it in the Benton Harbor State Bank; and (3) that the $19,485.88 in the bank was never received by Larkworthy as treasurer of appellee, but was held by him as city treasurer.

■ The contention that the trial court should have rendered judgment for the appellant because Larkworthy was not made a party defendant to the suit is based upon resolutions adopted by the Board of Education of the City of Benton Harbor directing suit to be brought in the name of the Public Schools of the City against Larkworthy and the American Surety Company. We have been referred to no Michigan case indicating that the granting of authority by the Board of Education to institute the suit was a condition precedent to the right to bring it. If, however, such authority was required, the resolutions adopted would seem ample, as they authorized suit against both the treasurer and the surety. They were likewise sufficient to support a suit against the surety alone. United States v. Ætna Casualty & Surety Co., 5 F.(2d) 42 (C. C. A. 6); Royal Indemnity Co. v. Cliff Wood, Coal & Supply Co., 10 F.(2d) 501 (C. C. A. 6).

■ The claim that Larkworthy had accounted for $26,664.56 of the amount sued for is founded on a resolution adopted by the Board designating the Benton Harbor State Bank among other banks of Benton Harbor, as a depository of school funds. The contention is that the Board, acting for the schools, assumed control of this fund in the resolution designating the bank as a depository, and the depositing of it in the bank pursuant

thereto was a delivery of its custody to the appellee.

The authority of the Board to designate a depository is said to depend upon the effect of two sections of the Michigan statutes. One provides that the treasurer shall have the "custody of the funds" (section 1876, Comp. Laws Mich. 1929); the other that the Board "shall have the control and management of the property, interests and affairs of the district" (section 2192, Comp. Laws Mich. 1929). We have been unable to find any Michigan case construing these statutes. Appellant relies upon Port Huron Board of Education v. Runnels, Treasurer, 57 Mich. 46, 23 N. W. 481, which held that the Board of Education of Port Huron was entitled to a mandamus to compel its treasurer to deposit school funds in a depository designated by the Board. This case was decided ten years before the enactment of the statutes referred to. The statute then in effect specifically gave the Port Huron Board the power to designate the depository to be used by its treasurer. After the present statutes were enacted, the Supreme Court of Michigan said in Board of Education v. Andrews, 142 Mich. 484, 487, 105 N. W. 1118, 1119: "We think on this record it clearly appears that the funds were at all times within the control of the treasurer." In making this pronouncement the court, it is true, did not mention the statutes. In the absence of a construction of them by the Michigan courts, we do not undertake to determine whether the resolution here relied upon had the effect of relieving the treasurer of responsibility for the funds. It is sufficient for present purposes that even if it caused him to deposit them in the bank, the Board withdrew the designation and notified him thereof two weeks before the bank closed, advising him that he would be responsible for the funds, and that there was no authorization for keeping them in bank. The treasurer had ample time thereafter to protect the funds, but permitted them to remain in the bank in his name as treasurer under the designation of "School Account" until the bank closed. It is obvious that in such circumstances they must be regarded as in his custody.

■ As to the $19,485.88 the question was whether Larkworthy had received and failed to account for this amount of school funds, and not whether he deposited it in one or another or any bank account. He was both city treasurer and treasurer for the Board of Education. As treasurer for the city he collected all city taxes, including school taxes, but was required to pay all school taxes to

himself as treasurer of the Board. He testified that he kept separate accounts as city treasurer and treasurer of the Board, and that he placed the school taxes in his "Special Collection Account," and thus received the money as treasurer of the Board. There is no evidence to show that he ever accounted for it.

The judgment is affirmed.