## LOVE v. UNITED STATES.
### No. 7583.

Circuit Court of Appeals, Ninth Circuit.
Jan. 21, 1935.

G. Vernon Brumbaugh, of Los Angeles, Cal., for appellant.

Peirson M. Hall, U. S. Atty., and Howell Purdue, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR and GARRECHT, Circuit Judges.

WILBUR, Circuit Judge.

The information under which appellant was convicted charges that appellant "did knowingly, wilfully and unlawfully solicit from one Charles F. Dycer, the sum of one thousand dollars ($1,000.00) for personal emolument, in consideration of the promise of use of influence of said Harrison A. Love in behalf of the said Charles F. Dycer in obtaining an appointive office under the Government of the United States, to-wit: Chief Inspector of Aeronautics of the Department of Commerce of the United States." 18 US CA § 150.

The appellant assigns twenty-three errors. His brief reduces these to six specifications of error. All assignments of error not covered by the specifications of error in the brief and not argued are waived. Allen v. Hudson (C. C. A.) 35 F.(2d) 330; McCarthy v. Ruddock (C. C. A.) 43 F.(2d) 976; Nash v. Rehmann Bros. (C. C. A.) 53 F.(2d) 624; Wynne v. Fries (C. C. A.) 50 F.(2d) 761; Schevenell v. Blackwood (C. C. A.) 35 F.(2d) 421; Maryland Casualty Co. v. Jones, 279 U. S. 796, 49 S. Ct. 484, 73 L. Ed. 960; Id. (C. C. A. 9) 35 F.(2d) 791. We will, therefore confine our attention to the six specifications of error set forth in appellant's brief and argued.

The first, third, fourth, and fifth all relate to the sufficiency of the evidence to support the verdict; and really constitute but a single specification of error which will not be considered because the question was not raised in the trial court. As said by this court, speaking through Judge Gilbert, in the case of Clements v. United States, 297 F. 206, 207: "The ruling of the trial court on a motion for a new trial is not subject to review in an appellate court, and, as there was no motion for a directed verdict in behalf of the plaintiffs in error, we are not authorized to enter into a discussion of the sufficiency of the evidence to sustain the verdict of the jury." And see United States v. Rice (C. C. A. 9) 47 F.(2d) 749, 750; Caldwell v. United States (C. C. A. 10) 36 F.(2d) 738, 741.

Moreover there is no showing that the bill of exceptions contains all the evidence. Louviers v. United States (C. C. A. 9) 62 F.(2d) 163; Rasmussen v. United States (C. C. A. 9) 8 F.(2d) 948.

The second specification of error in the brief relates to the admission of evidence over appellant's objections. The nature of the evidence to which the appellant objects can be best stated by quoting from the appellant's brief, as follows:

"The testimony [of Fred L. Packard] to which the foregoing attack is made is as follows:

" 'He [Chas. Dycer] was an applicant for the position of Chief Inspector for the Bureau of Aeronautics. I had known him for some time. On this occasion I first met him in Washington in Senator McAdoo's office reception room. Mr. Dycer exhibited to me a number of endorsements that he had received from various people and organizations endorsing him for the position for which he had applied. He had then completed his file of recommendations.' * * *

"The testimony to which the appellant raises a chief complaint as being deprived of his constitutional rights is testimony given by Mr. Packard as follows:

" 'The next time that I heard from Mr. Dycer he called me on the telephone and told me that he had received a telephone call from some person whom he did not know to go see a man by the name of Love, and that something was wrong and he wanted me to go along with him as a witness.

" 'Mr. Brumbaugh: Your Honor, please, I object to this line of testimony as being incompetent, irrelevant and immaterial and hearsay, and move that it be stricken from the record.

" 'The Court: That appears to be preliminary and apparently shows the occasion for his going to a certain place to meet the defendant. Exception noted. Exception No. 4.' "

This evidence, as the trial judge stated, was merely preliminary in character, showing the reason for the presence of the witness at the subsequent meeting of Charles Dycer and the defendant. The evidence was properly admitted, and, even if erroneously admitted, was not prejudicial. The witness Packard and the defendant testified fully as to the conversation between Dycer and the defendant, upon which the prosecution is based. The defendant testified that he then stated to Dycer that he required $1,000 to assist Dycer to secure the appointment he desired. He then claimed, and now claims, that this money was desired for his necessary expenses. The jury decided otherwise upon conflicting testimony.

There is no merit in the assignment (No. 6) that the court erred in not requiring the prosecution to produce the complaining witness Dycer. The prosecution chose to rely upon the testimony of Packard and upon the defendant's confession. If the defendant desired the presence of Dycer as his witness, he should have taken the necessary steps to secure his attendance. Dycer was a resident of Los Angeles, but at the time of the trial was in Detroit, Mich., where he was employed by the government as aeronautical inspector of the Department of Commerce. The government was not required to produce all the witnesses against defendant. Cummings v. U. S. (C. C. A.) 15 F.(2d) 168.

Judgment affirmed.