578 P.2d 664 (1978)
The FOUNTAIN SAND AND GRAVEL COMPANY, Plaintiff-Appellee,
v.
CHILTON CONSTRUCTION COMPANY, Defendant, and
Balboa Insurance Company, Defendant-Appellant.
No. 77-016.
Colorado Court of Appeals, Div. III.
February 2, 1978.
Rehearing Denied March 2, 1978.
Certiorari Denied May 8, 1978.
Lindsay E. Fischer, Colorado Springs, for plaintiff-appellee.
*665 Tilly & Graves, L. Jay Labe, Denver, for defendant-appellant.
KELLY, Judge.
Balboa Insurance Company appeals the entry of summary judgment in favor of the Fountain Sand & Gravel Company on Fountain's claim for materials and labor provided on a street improvement project, and the denial of Balboa's motion for summary judgment in its favor. The trial court found that Balboa was liable on the basis of a public works performance and payment bond issued by it. Balboa contends the trial court erred in determining that Fountain's claim was not barred by a six-month statute of limitations. We agree and reverse.
The Chilton Construction Company was awarded a contract by the Colorado Springs Urban Renewal Authority for the construction of public streets in Colorado Springs, and, pursuant to § 38-26-106, C.R.S.1973, Chilton obtained a performance and payment bond from Balboa Insurance Co. Fountain was awarded a subcontract by Chilton to do paving on the project. Following the completion of the project, Chilton filed a petition in bankruptcy. Fountain was never paid for the materials and labor it supplied. More than six months after the project was completed, Fountain brought this action against Chilton, as principal, and Balboa, as surety, to recover the cost of the materials and labor furnished.
Although § 38-26-106, C.R.S.1973, does not contain a statute of limitations, the six-month statute of limitations contained in § 38-26-105, C.R.S.1973, is applicable to actions on a bond posted pursuant to § 38-26-106, C.R.S.1973. General Electric Co. v. Webco Construction Co., 164 Colo. 232, 433 P.2d 760 (1967); United States Fidelity & Guaranty Co. v. Empire Clay Products, Inc., 28 Colo.App. 26, 470 P.2d 878 (1970). Thus, unless tolled, the six-month statute of limitations applies to this action.
The trial court found that Fountain's claim was not barred by the statute of limitations inasmuch as § 38-26-105, C.R.S.1973, makes Chilton an indispensable party, and the filing of its petition in bankruptcy automatically stayed the commencement of any action against it. We agree with Balboa that, in an action on a surety bond, the principal is not an indispensable party, and thus the principal's bankruptcy does not toll the statute of limitations on an action against the surety.
Section 38-26-105, C.R.S.1973, provides, in part:
"Subcontractors, materialmen, mechanics and others may have a right of action for amounts lawfully due them from the contractor or subcontractor directly against the principal and surety of such bond."
Although this section allows both the principal and surety to be sued, it would be too narrow a construction to say it requires both to be made parties. See Royal Indemnity Co. v. Cliff Wood Coal & Supply Co., 10 F.2d 501 (6th Cir. 1926); 72 Supp. C.J.S. Public Contracts § 57.
Where, as here, a surety agreement provides that the principal and surety will be jointly and severally liable, a creditor may, at his option, bring an action against both the principal and the surety or either one alone. C.R.C.P. 20(c); 74 Am.Jur.2d Suretyship § 145. See also McAllister v. People, 28 Colo. 156, 63 P. 308 (1900).
Accordingly, Chilton was not an indispensable party, and its bankruptcy did not toll the statute of limitations against Balboa. Since this action was commenced more than six months after the project was completed, the trial court erred in refusing to grant Balboa's motion for summary judgment.
The judgment is reversed and the cause remanded with direction that the summary judgment in favor of Fountain be set aside, and summary judgment be entered in favor of Balboa Insurance Co.
VanCISE and STERNBERG, JJ., concur.