68 U.S. 78 (1863)
1 Wall. 78
EAMES
v.
GODFREY.
Supreme Court of United States.

*79 Mr. F.A. Brooks for the plaintiff in error; Mr. Causten Browne, contra.
Mr. Justice DAVIS delivered the opinion of the court:
The patent in controversy was for a combination of mechanical powers to effect a useful result, and such a patent differs essentially in its principles from one where the subject-matter is new.
The law is well settled by repeated adjudications in this court and the Circuit Courts of the United States, that there is no infringement of a patent which claims mechanical powers in combination unless all the parts have been substantially used. The use of a part less than the whole is no infringement.
In Prouty & Mears v. Ruggles,[*] the law is well considered. The patent there was for the combination of certain parts of a plough, arranged together so as to produce a certain effect. The suit was for an infringement. The court below had charged the jury, that unless the whole combination was substantially used in the defendant's plough it was no violation of the plaintiff's patent. Chief Justice Taney, in deciding the case, said: "None of the parts referred to are new, and none are claimed as new; nor is any portion of the combination less than the whole claimed as new, or stated to produce any given result. The end in view is proposed to be accomplished *80 by the union of all, arranged and combined together in the manner described. The use of any two of these parts only, or of two combined with a third, which is substantially different in form or in the manner of its arrangement and connection with the others, is, therefore, not the thing patented. It is not the same combination if it substantially differs from it in any of its parts."
Testing this case by these principles, the court erred in charging the jury as it did, and in refusing to instruct as asked by the defendant. There is nothing in the record that shows in what manner the mechanism used by Eames, in distending the leg of the boot-tree, differed from that claimed in the patent. It is stated that the mechanism used by Eames was different in its construction and operation, but how far the difference extended we are left to conjecture. It is fair to presume, in the absence of proof, that it was essentially different. If, however, the mechanism used by Eames was not substantially different in its form or the manner of its arrangement from the mechanism used by Godfrey, there was an infringement; but this was a question that should have been left to the jury to pass on. The court laid down a broad rule without qualification,  that although Eames's mechanism for distending the leg of the boot-tree did differ in its construction and operation from that patented, yet if it performed the same functions as the mechanism in the combination, there was an infringement. This view of the law was wrong on principle and authority. Eames had a right to use any of the parts in Godfrey's combination, if he did not use the whole; and if he used all the parts but one, and for that substituted another mechanical structure substantially different in its construction and operation, but serving the same purpose, he was not guilty of an infringement.
JUDGMENT REVERSED AND VENIRE AWARDED.
NOTES
[*] 16 Peters, 341.