## PEARD *v.* JOHNSON.

*(Circuit Court, S. D. New York. April 3, 1885.)*

1. PATENTS FOR INVENTIONS—SCHOOL DESKS—PATENT NO. 86,440, CLAIM 2.
   The second claim of patent No. 86,440, granted to John Peard, February 2, 1869, for an improvement in school desks, construed, and *held* not infringed.
2. SAME—COMBINATION OF OLD ELEMENTS—VALIDITY.
   In a patentable combination of old elements, all the constituents must so enter into it as that each qualifies every other. It must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions. Otherwise, it is only a mechanical juxtaposition, and not a vital union.
3. SAME—PATENT NO. 115,232.
   Letters patent No. 115,232, granted to John Peard, May 23, 1871, for an improved school desk, *held* void.

In Equity.
*Frederic H. Betts*, for complainant.

*Francis Forbes,* for defendant.

Coxe, J. This action is founded upon two patents, No. 86,440 and No. 115,232, granted to the complainant for improvements in school desks, February 2, 1869, and May 23, 1871, respectively. One of the objects of the inventor in the first of those patents, No. 86,440, was to furnish a school desk so constructed that the desk-board can be folded up out of the way, or turned up to serve as an easel. When used for the latter purpose, it is held in position by adjustable supports, having hooks formed upon their upper and lower ends, to hook over the edge of the desk-board, and the stationary part of the desk-top, respectively. The second claim of this patent is alone in controversy, and is as follows:

"(2) Supporting the desk-board E in an elevated position by means of the supports H, or equivalent supports, substantially as herein shown and described, and for the purposes set forth."

The defenses interposed are:

*First,* that the claim is functional and void; *second,* that mechanical skill alone is involved, and not invention; *third,* that as to one of the alleged infringing desks the claim, now 14 years old, is stale; *fourth,* non-infringement.

Assuming that the claim is not functional, and for that reason void, it must, in view of the state of the art, be limited to the apparatus described or its equivalent; it cannot be held to cover broadly every device for holding up a desk-top. So construed, the conclusion is reached that the defendant does not infringe.

The desk-board in this patent is attached to arms pivoted to the upper part of the standards, and so constructed that it may be used in three positions: horizontally, as a desk; perpendicularly, or nearly so, as an easel; and it may be turned over to form the back for a seat. It swings in all about 270 degrees. When used as an easel, it is entirely above the standards, and overhangs the seat in front, making it necessary for that seat to be vacated. The easel is too far distant from the scholar sitting in the seat behind to be used as a reading or book board, and can be used by him for drawing purposes only when standing. The supports, H, are movable, and can be taken off at pleasure. They may be made of two parts sliding upon each other, so that their length may be increased or diminished to hold the desk-board at any desired angle. When in use the desk-board is held rigidly in position. To move it, the hooks must be taken off. To change its angle as an easel, they must be adjusted by hand.

The defendant in the two exhibits said to infringe, has a desk-board pivoted at a point nearly midway between its front and rear edges; the rear edge turns upward, presenting the lower side to the scholar in the seat behind. The board swings between the standards and is brought so near that it can be used as a reading-board by a scholar while in a sitting position. A stop-hinge is used, having lugs on the hinge, which are turned against corresponding shoulders in the frame

by pressing the rear edge of the desk-board upward and forward, so that when the board assumes the proper position it is held there and prevented from going further in that direction. The hinge permits the board to assume two stationary positions only: a horizontal one as a desk; an upright one as a reading-board. From one of these positions to the other, a distance of about 145 degrees, the board can be turned at pleasure. It is thought that the stop-hinge is not an equivalent for the hooked rod in complainant's patent. To be an equivalent it must perform the same function in substantially the same manner. The two are different in construction, operation, and principle. *Rowell* v. *Lindsay,* 5 Sup. Ct. Rep. 507; *Eames* v. *Godfrey,* 1 Wall. 78; *Werner* v. *King,* 96 U. S. 218, 230; Walk. Pat. §§ 353, 361.

In the second patent, No. 115,232, the object of the patentee was to improve the construction of school desks and seats, making them more simple, convenient and comfortable. The desk and seat boards, supplied with a hinge having a concealed stop, fold up, filling the space between the supports. Ample unobstructed room is allowed for the scholars to pass between the desks, and the concealed stop renders it entirely safe for them to manipulate the desk-board. When the desk-board is turned up the under side alone is visible to the scholar. A reading-board, flanged and shouldered for the purpose of holding books, is attached to the under side of the desk-board and is held in position at the proper angle by means of wedge-shaped blocks. The scholar is thus enabled to read while sitting erect in his seat. The claims are as follows:

"(1) The flanged reading or book board F G attached to the under part of the pivoted desk-board B, substantially as herein shown and described, and for the purposes set forth. (2) A desk, B, pivoted brackets C C, having checks $c^2$, and the circular end $a^1$, of the frame, having recess with shoulders $a^2$ $a^3$ thereon, all combined with reading-board F G, and constructed and arranged as and for the purpose specified."

The defenses are lack of novelty and invention, and non-infringement. The conclusion that these claims are for an aggregation merely, cannot be avoided. Both are for combinations. The second claim contains an additional element, and is for a larger combination than the first.

The supreme court, in *Pickering* v. *McCullough,* 104 U. S. 310, describe, at page 318, with remarkable perspicuity, the essential requisites to a valid combination. The court say:

"In a patentable combination of old elements, all the constituents must so enter into it as that each qualifies every other; to draw an illustration from another branch of the law, they must be joint tenants of the domain of the invention, seized each of every part, *per my et per tout,* and not mere tenants in common, with separate interests and estates. It must form either a new machine of a distinct character and function, or produce a result due to the joint and co-operating action of all the elements, and which is not the mere adding together of separate contributions. Otherwise it is only a mechanical juxtaposition and not a vital union."

Tested by this rule I am unable to understand how these claims can be upheld.

If to the under side of the desk-board, shown in defendant's patent No. 109,518, the well known church book-rest is attached, the product will be the precise invention described in the first claim. What is the one practical result produced by the action of all the elementary parts? In what manner do the desk-board and the reading-board co-operate to produce a common result? This question was fairly and frankly answered by the complainant's expert. He says: "They do co-operate in so far as they form a desk-board in one position and a reading-board in another position." A writing-desk is turned up for reading, and a reading-desk is turned down for writing. Is not this the precise fault found to be so fatal in *Reckendorfer* v. *Faber*, 92 U. S. 347? The desk-board performs its functions independently of the reading-board. So do the hinges. There is no joint action. Take away the reading-board, and the desk-board operates in precisely the same way. Each does when placed in juxtaposition precisely what it did alone. The reading-board does not influence or modify the action of the desk-board or of the hinges. Its action combined with them is in no respect different from its action when disconnected from them. It was a reading-board before; it is a reading-board still. No new feature is added to it by placing it in the position indicated. It is thought that the patent is invalid within the doctrines of the cases cited. See, also, *Hailes* v. *Van Wormer*, 20 Wall. 353; *Packing Co. Cases*, 105 U. S. 566; Walk. Pat. § 32; Sim. Pat. 47.

The bill is dismissed.