KELSEY WHEEL CO. et al. v. HAYES WHEEL CO. et al.

(Circuit Court of Appeals, Sixth Circuit. April 9, 1925.)

No. 4092.

1. Patents ⬦129—Patentee, sued for infringement, may rely on prior art.

The fact that defendant was the patentee and assignor of the patent sued on does not preclude him from contesting the issue of infringement and relying on the prior art to construe and narrow the claims of the patent, though it requires a careful scrutiny of the evidence.

2. Patents ⬦328—Wagenhorst, 1,234,438, for wheel, held not infringed.

The Wagenhorst patent, No. 1,234,428, for a wheel and method of making the same, held not infringed.

Appeal from the District Court of the United States for the Eastern District of Michigan; Arthur J. Tuttle, Judge.

Suit in equity by the Kelsey Wheel Company and another against the Hayes Wheel Company and another. Decree for defendants, and complainants appeal. Affirmed.

Charles Neave, of New York City (William J. Belknap, of Detroit, Mich., Merrell E. Clark, of New York City, and Whittemore, Hulbert, Whittemote & Belknap, of Detroit, Mich., on the brief), for appellants.

Fred L. Chappell, of Kalamazoo, Mich. (Justin R. Whiting, of Jackson, Mich., and Melville Church, of Washington, D. C., on the brief), for appellees.

Before DENISON, MACK, and DONAHUE, Circuit Judges.

MACK, Circuit Judge. This is an appeal from a decree dismissing a bill charging defendants with infringement of claims 1, 8, and 9 of Wagenhorst patent, No. 1,234,428, for wheel and method of making the same, issued July 28, 1917. The claims in issue read as follows:

"1. The method of making wheels which consists in assembling an endless and substantially inextensible and incompressible felly together with a set of compression spokes whose collective structure is initially somewhat too large for the receiving space, and expanding the spoke set outwardly against the felly by jamming the spokes together substantially into alignment at their hub portions."

"8. A vehicle wheel comprising an endless and substantially inextensible and incompressible felly, in combination with a set of compression spokes having their outer ends rigidly stepped on the felly and their hub portions jammed together substantially in the same plane, said spokes being under permanent, balanced radial compressive strains."

"9. A vehicle wheel comprising an endless metal felly, in combination with a set of wooden spokes having their outer ends stepped in sockets on said felly and their hub portions wedged solidly together substantially in alignment, the spokes being thereby permanently stressed against each other and the felly."

[1] The invention was assigned by Wagenhorst prior to the issuance of the patent to appellant B. F. Goodrich Company, Wagenhorst's then employer; appellant Kelsey Company is the exclusive licensee. The wheel made under the patent is testified to have been the first permanently tight metal felly wooden spoke wheel devised for commercial use and almost completely to have displaced for automobiles the earlier wooden spoke wooden felly wheel. Appellee Hayes Wheel Company's alleged infringing metal felly wooden spoke wheel was also devised by Wagenhorst after he became associated with that company. While this circumstance of itself requires a most careful scrutiny of the facts, nevertheless Wagenhorst concededly may contest the issue of infringement and rely upon the prior art to construe and narrow the claims of the patent in suit. Westinghouse Co. v. Formica (United States Supreme Court, decided December 8, 1924), 45 S. Ct. 117, 69 L. Ed. ——.

[2] In his specifications Wagenhorst did not claim to be the first to propose a metal felly wooden spoke wheel, but asserted the belief that the invention was the first to provide a practical structure of this class, with all parts jammed or wedged together in the course of manufacture. He pointed out that in all prior wheels of which he was aware, in which the spokes were wedged together and against a performed or complete felly, no attempt had been made to jam the spokes at the outset permanently into a receiving space somewhat too small to take

them, except by placing them under heavy compressive strain.

It was that attempt of Wagenhorst which clearly formed the basis of the patent in suit and in the light of which the claims must be construed. However broadly the patent may be construed, it was not the concept of a permanently tight metal felly wooden spoke wheel, but that of the practical means of achieving this result and of the wheel made by these means for which the patent was granted.

The means devised by Wagenhorst in the patent in suit was, as stated by him, to jam the spokes at the outset permanently into a receiving space somewhat too small to take them, except by placing them under heavy compressive strain. The usual wedge-shaped spoke ends or miters were to be jammed laterally together at the hub or center of the wheel by the exertion of strong lateral force. Wagenhorst suggests and embodies in certain claims not here in suit that the spoke ends should be not only mitered, but wedged alternately in opposite directions laterally or axially of the wheel, so that when so compressed they tend to wedge or force the ends of the spoke radially outward. However useful or valuable this double wedging idea, which was not in itself new with Wagenhorst, it is not, in our judgment, a necessary part of the patent in suit. We differ thereon with the trial judge, who held that it must be read into all the claims, and that, as defendants did not employ the double wedge, they did not for this reason infringe.

The Hayes wheel devised by Wagenhorst is also a permanently tight, metal felly, wooden spoke wheel. But it does not, in our judgment, entrench upon the Wagenhorst patent. The mitered spoke ends which have no lateral wedge are brought into alignment by lateral pressure, but they are not jammed into alignment. They are made permanently tight or "jammed," after having been brought into alignment, by an entirely different method. The spokes are brought into close but not tight alignment within an expanded heated rim or felly, and it is the cooling and contracting of the rim which holds them permanently tight and in alignment. But the wedging or jamming of the spokes into permanent, tight alignment in a rim not large enough at the outset to receive them—the essence of the Wagenhorst patent—is not present in the Hayes wheel. Wagenhorst merely adopted another method of making a permanently tight metal felly, wooden spoke wheel without infringing upon

the method described in his earlier patent; he added, as a necessary step, the old process of shrinking on the tire.

Affirmed.