Charles H. Wilson and Leon F. Kauffman, both of New York City, for appellants.

Morse S. Hirsch, of New York City, for appellee.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

## BERKE et al. v. COURTNEY FOLDING BOX CORPORATION.
## No. 74.

Circuit Court of Appeals, Second Circuit.

Dec. 6, 1937.

Appellants sue for infringement of claims 1, 2, 7 and 8 of patent No. 1,555,-054[1] for a hexagonal folding box. The patent was issued September 29, 1935 on an application filed February 7, 1935. This folding box, when collapsed, lies in a flat condition. So collapsed, a large number may be stored in a small space. It is used for delivery of women's hats.

[1] 1. A folding shipping box comprising a polygonal bottom and a series of side walls integral each to each with the corresponding sides of the bottom, the bottom being creased along a diameter for collapsing upward between the opposite side walls, while the side walls are all uncreased and folded flat against the opposite sides of the folded bottom, creased web connections being provided having individual connection between certain of said sides and the adjacent sides of the bottom, said web connections being folded when the box is in open position.

2. A box as set forth in claim 1 in which the bottom is hexagonal and having two of its opposite side walls hinged directly to the adjacent sides of the bottom, while each of the other four sides is individually connected to its adjacent side of the bottom by means of a web as aforesaid foldable into a double thickness when the box is open.

7. The herein described foldable one-piece shipping box comprising a bottom of polygonal form, a series of side walls corresponding to the sides of the bottom, two of said side walls being joined directly and integrally with the bottom, and foldable means located individually between the remaining walls and the remaining sides of the bottom for hinging said remaining side walls to the bottom so as to fold or stand in set up position, each of said foldable means being weakened substantially centrally whereby it can be doubled up to form a strong re-enforcement for the adjacent side of the box when the same is open.

8. A box as set forth in claim 7 including a cover and flexible tie means passing through the bottom, the foldable means, and the side walls adjacent thereto for binding such parts in fixed relation to one another when the box is set up and the cover is tried in place.

It will snap open from a closed or collapsed condition by placing the hands between the sides of the collapsed box and spreading the sides or by pressing in an inward direction from the ends of the collapsed box. Either method might be employed with equal facility. It is so constructed that webs are automatically moved into such a position that they engage the sides and the bottom wall of the box so that the opened box is rigid and will remain in a rigid position during its intended use, and will not collapse unless stress is applied to force the bottom creased wall of the box in an upward or inward direction, whereupon the side walls of the box are caused to approach each other until the collapsed form is flat. There is no danger of the box collapsing when in use for the hat within prevents this, owing to its weight bearing on the bottom.

It is cut from cardboard stock. There are no cords or tapes required to retain the box in open position. The box is six sided; the walls are of equal dimensions. Triangular webs are formed integrally with four of the side walls. Lying between these webs and the part which is to form the bottom of the box are similarly shaped webs which are integral with the first mentioned triangular webs respectively. The bottom wall is diagonally creased. In assembling the box, one side is connected to another side by means of a flap which is caused to adhere to the side by paste.

The webs attached to the bottom and side walls of the box respectively, when folded, form an efficient brace between the bottom and side walls of the box. The appellee's box is braced to form a rigid structure in the same manner as is the patented box.

■ Appellants' box is constructed out of a single blank of material. Appellee attempts to avoid infringement by making its box out of two separate strips of material, cut into blank forms, which blanks are glued together and thus there is provided an integral structure identical in formation and operation with the box shown and claimed in the patent. Making the box in two parts rather than in one does not avoid infringement. Instead of cutting out the several triangular webs, which correspond with appellants' webs, integrally with their adjacent side walls, these webs are glued thereto. Thus appellee's box, although formed of two parts, fastened together by glue, is an integral structure; it operates and functions identically with the box made under the patent and does not avoid infringement. Line Material Co. v. Brady Electric Co. (C.C.A.) 7 F.2d 48, 50; Hall-Mammoth Incubator Co. v. Teabout (D.C.) 205 F. 906; Western Tube Co. v. Rainear (C.C.) 156 F. 49; Nathan v. Howard (C.C.A.) 143 F. 889.

■ Claim 1 of the patent calls for "a series of side walls integral each to each with the corresponding sides of the bottom," and further for "creased web connections being provided having individual connection between certain of said sides and the adjacent sides of the bottom." The prior art referred to (Houghland No. 665,909) for a paper box does not anticipate this invention. Only two sides of the walls are integral with the corresponding sides of the bottom, and these two sides are not in series but are opposite. None of the flaps of Houghland can be considered a web and none connects any element of the box with any other element. The flaps are merely edge reinforcements. The flaps do not function to snap or hold the box open as do the web structures of the patent in suit. There is nothing similar used to hold the device open, and its tendency is to snap closed. Houghland is really a cover and not a box body and, when used as a cover, it would be kept open by the edge of the box body fitting within the same.

Nor is claim 2 of the patent in suit met by Houghland, because it is manifest in claim 2 that four sides of the box are web connected to the corresponding sides of the bottom. The four sides of the Houghland patent are not only not web connected to the bottom but are not connected to the bottom at all. These so-called webs are edge reinforcements and do not correspond to the webs of the patent in suit.

Nor is claim 7 met by Houghland. Claim 7 calls for integral connections of the two sides of the box to the bottom and for foldable means for individually hinging the remaining sides of the box to the bottom. In Houghland only two sides of the box are in any way connected to the bottom. The so-called reinforcements are not webs in Houghland; they are not foldable in the operation of the box, for purposes of reinforcement of the box in open position as called for in claim 7. In opening the box made under the patent in suit, one part of the web folds on top of the other

to reinforce the latter. This does not occur in Houghland; the two pieces at all times are set face to face. They do not act as hinges to the side walls.

Nor is the Selcer patent, No. 1,080,596, prior art defense. Claim 1 calls for a bottom creased along the diameter. The Selcer structure does not read on claim 1 because the bottom is not creased by any diameter. The bottom parts have no creased connection one to the other, but have creased lines for connection, individually, to opposite sides of the box. In the Selcer construction the parts of the bottom are entirely separated. Claim 1 provides that the diameter is for the collapsing upward of the bottom. In the specifications it is said, "the bending or crease lines 26, 27, 28, 29 and G may be understood as being lifted or elevated from the original flat position." This upward collapse is not found in Selcer. Selcer is a mere folding upwards of its separate sections. Claim 2 of the patent calls for a hexagonal box, which is different from a rectangular structure as shown in Selcer. Claim 2 calls for two side walls hinged directly to the adjacent sides of the bottom and for the "other four sides individually connected to the bottom by means of a web foldable into a double thickness when the box is open." Selcer has no "other four" sides. Nor is claim 7 readable upon Selcer. It calls for "foldable means weakened substantially centrally whereby it can be doubled to form a strong reinforcement for the adjacent side of the box when the same is open." The foldable means called for in Selcer are open rather than closed or folded when the box is open. There is no bracing effect.

Claim 8 of the patent in suit is distinguishable for the same reasons as claim 7.

The Medley patent, No. 1,099,142, differs from the structure of the claims in suit in the same essentials as illustrated in the Houghland structure. It is not self-sustaining in open position. Unlike Houghland, however, the Medley device is intended to be a box body and not a mere cover, and so is provided with means for holding it open. This means is indicated by holes in the bottom for the use of a tape which may be threaded to be brought under and around the box and cover.

We think the patent is valid and that the appellee infringed.

Decree reversed.