**BALDWIN RUBBER CO. v. PAINE & WILLIAMS CO.**

No. 7726.

Circuit Court of Appeals, Sixth Circuit.

Oct. 6, 1938.

See, also, 23 F.Supp. 485.

Clarence B. Zewadski, of Detroit, Mich. (Whittemore, Hulbert & Belknap and Clarence B. Zewadski, all of Detroit, Mich., on the brief), for appellant.

John F. Oberlin and Howard F. Burns, both of Cleveland, Ohio (Beaumont, Smith & Harris, of Detroit, Mich., and John F. Oberlin, Howard F. Burns, and William R. Day, all of Cleveland, Ohio, on the brief), for appellee.

Before SIMONS, ALLEN, and HAMILTON, Circuit Judges.

HAMILTON, Circuit Judge.

Appellee was the owner of Turner patent No. 1,715,523 for floor coverings for automobiles and the like and Vrooman patent No. 1,715,525 for a similar purpose. Claim 3 of the Turner patent was for a floor covering or the like, flexible throughout comprising a loosely-compacted fibrous base, with a layer of fabric stitched thereto, and an upper wearing surface layer of flexible vulcanized rubber.

Claim 4 of the Vrooman patent was for a covering for floors and the like comprising a resilient, fibrous base and an upper wearing layer of rubber, said upper layer extending beyond said base as a free, flexible margin.

On October 22, 1932, the appellee entered into a price fixing license agreement with the appellant, permitting it to manufacture floor mats embodying the inventions covered by the Turner and Vrooman patents for a royalty of 2 cents per mat. The appellant had theretofore manufactured mats and at the time of the execution of the license agreement, appellee was charging it with infringement of these two patents. One of the covenants of the license agreement was that appellant would not dispute the validity of any patent thereunder and that the royalties would be paid notwithstanding litigation involving either of them. It was also provided that the license was not to be construed to be applicable to automobile floor mats in which none of the inventions covered by the patents were embodied.

The appellant paid the stipulated royalty on 916,525 mats during the life of the li-

cense agreement and manufactured and sold 918,001 mats on which it paid no royalties, claiming they were non-infringing. The appellee instituted this action at law to recover the stipulated royalties on these mats. A jury was waived, the law and facts submitted to the Court.

The parties stipulated into the record the description and number of the mats manufactured by the appellant on which it paid royalties and also those on which it had failed to pay. The lower court made special findings of fact where by reference it included therein the construction and mode of assembly of the mats as typified by the exhibits, and concluded as a matter of law that the several types of mats as set forth in the findings of fact, were covered by one or both of the licensed patents and that royalties were due thereon, and awarded the appellee judgment as prayed from which this appeal is prosecuted.

The appellant made a motion for a directed verdict at the conclusion of appellee's testimony which was renewed on final submission of the case and denied. It also made appropriate motions for findings of fact and conclusions of law and objected and excepted to the findings of fact and conclusions of law of the Court and thereon bases its assignment of errors.

The appellee insists that this appeal involves a mixed question of law and fact not separable and having been tried without a jury, the lower court's findings of fact have the force and effect of the verdict of a jury and as the court found as a fact that the mats were within the scope of the licensed patents, there is nothing for us to review and rely on. General Motors Company v. Swan Carburetor Company, 6 Cir., 44 F.2d 24. This case does not apply because there the questions raised on appeal were not presented to the lower court.

Appellant insists that all of the issues on appeal are of law reviewable and relies on Singer Mfg. Company v. Cramer, 192 U.S. 265, 286, 24 S.Ct. 291, 48 L.Ed. 437 and contends that the trial court's findings of fact gave no construction to the claims of the licensed patents nor stated whether any of the mats manufactured by defendant, and not accounted for, came within the scope of said claims and therefore the law as found by the court is not supported by the facts.

■ It also urges that the special findings of fact of the trial court may not be sup-plemented by statements in its conclusions of law and relies on United States v. Esnault-Pelterie, 299 U.S. 201, 207, 57 S.Ct. 159, 81 L.Ed. 123. In the cited case, the Court of Claims failed to find as a fact or as a conclusion of law that the patent was valid or had been infringed. In the case at bar the court found under the heading "conclusions of law" that each of the licensed patents owned by the appellee disclosed and covered a patentable difference over the prior art and that each of the several types of mats manufactured and sold by appellant as set forth in the findings of fact was covered by one or the other or both of the licensed patents. The findings of fact were mingled by the lower court, with its conclusions of law. This state of the record does not require a reversal for further finding, nor prevent this court from examining the facts as found whether under the heading "findings of fact" or "conclusions of law," to determine their sufficiency. Compare O'Reilly v. Campbell, 116 U.S. 418, 423, 6 S.Ct. 421, 29 L.Ed. 669; Mayes v. Paul Jones Company, 6 Cir., 270 F. 121.

■ The construction of letters patent is a question of law for the Court, infringement a question of fact. Motor Wheel Corporation v. Rubsam Corporation, 6 Cir., 92 F.2d 129. On the record before us, we are authorized to review the judgment of the lower court in three particulars; first, the proper construction of the patents; second, whether there was substantial evidence to support the findings of the lower court as to infringement; and, third, whether the facts as found support the conclusions of law. Winans v. Denmead, 15 How. 330, 56 U.S. 330, 347, 14 L.Ed. 717; Stilz v. United States, 269 U.S. 144, 148, 46 S.Ct. 37, 70 L.Ed. 202; Humphreys v. Third Nat'l Bank, 6 Cir., 75 F. 852; Maryland Casualty Co. v. Jones, 279 U.S. 792, 797, 49 S.Ct. 484, 73 L.Ed. 960.

The appellant manufactured and sold three types of mats in controversy which the lower court found were covered by the claims of one or both of the licensed patents.

The first consisting of 656,279, were made for the Ford Motor Company and consisted of a loosely-compacted fibrous base having a layer of paper stitched thereto and an upper wearing surface mat of flexible, vulcanized rubber. In the front compartment mats, 503,841 of which were manufactured and sold by appellant, the

felt lies between the rubber and the floor board and both are held in position and anchored firmly thereto by glove, or snap, fasteners. They also have openings cut through both the felt and the rubber through which the steering column, the brake levers and other operating appliances of the car pass, holding them in perfect assembly.

The transmission in the Ford car comes up through the floor of the car and is covered with a transmission housing, which is a metal stamping fitting over the transmission. There is a large hole in the mat and in the felt and they are placed in position so the transmission housing extends several inches above the floor level and is covered by a separate rubber cap. After it is placed in position six screws are passed through the rubber housing covering the transmission and through the mat, which serves as a substantial anchor for the complete assembly of the rubber mat and felt pad.

In these front compartment mats, there was a free flexible margin of rubber beyond the underlying fibrous base which held them in alignment. Of these front mats appellant manufactured and sold 235,876 separate rubber mats and cut the felt pads to shape and size for the Ford Motor Company after being delivered to them by the company and manufactured and sold only separate rubber mats for the remaining 267,965, though they knew the mats were to be laid on the felt base when installed.

The back compartment mats are identical with the front with the exception of openings for appliances and that the rubber mat is laid on two felt pads. Appellant manufactured and sold 96,688 of the separate rubber back pads for the Ford Motor Company and cut the felt pads to shape and size after delivery to it by the Ford Company and manufactured and sold 55,750 of the separate rubber back pads, without the felt base though it knew they were to be installed with the felt bases.

The second type of mats were comprised of a felt base, lacking a layer of fabric but with an upper rubber wearing surface secured thereto by cement, the felt base extending at all points to the outer edges of the rubber wearing surface, but beveled off or skived at the door openings.

The third type of mats were also comprised of a felt base, lacking a layer of fabric but with an upper rubber wearing surface, secured thereto by cement with the felt base cut back from the edge of the rubber surface at some points and extending at all other points to the outer edges of the upper rubber wearing surface. Of these two latter type mats, appellant manufactured and sold 261,722.

A licensee is estopped from questioning the validity of his licensor's patent but when charged with its infringement, that question is determined without reference to any privity between them and in measuring the scope of the claim as disclosed by the patent, the Court may consider the state of the art involved and thus determine the primary or secondary character of the licensed patent and the extent to which the doctrine of equivalents may be invoked for the recovery of royalties.

Where the claim rests entirely upon the novelty of the specific combinations to carry the idea of the inventor into practical use, the means themselves being old, the range of equivalents allowed to the combination is narrowed to exclude anything which is not substantially identical with that used by the patentee.

This principle cannot be carried to the extent of making the patent invalid but the licensee has the right to claim he does not infringe and the court, to correctly decide this question, should determine what the patent in suit covers. It is sometimes impossible to ascertain this without reference to the prior art. In such cases the state of the art may be proved, but not for the purpose of invalidating the patent. Westinghouse Electric & Manufacturing Company v. Formica Insulation Company, 266 U.S. 342, 355, 45 S.Ct. 117, 69 L.Ed. 316; Noonan v. Chester Park Athletic Company, 6 Cir., 99 F. 90; Kelsey Wheel Company v. Hayes Wheel Company, 6 Cir., 5 F.2d 491; Smith v. Ridgely, 6 Cir., 103 F. 875.

In order to determine the bearing of the prior art upon the claims in suit, it is necessary to examine their essential features and construe them in connection with the explanation contained in their specifications. Claim 3 of the Turner patent provides a combination with flexibility throughout and a long-wearing surface with a soft carpet feel when trod upon. This is accomplished by a flexible vulcanized rubber top and a loosely-compacted fibrous base, said base including a layer of fabric stitched thereto.

The Vrooman patent is in all essentials indentical with the Turner patent except

that the underlying fibrous base is cut to a smaller dimension than the rubber layer so as to leave a free flexible margin.

When the claim of each of the patents in suit is fairly and truly construed with reference to the prior art and the specifications of each, avoiding a strained and unnatural interpretation, each provides for an upper rubber surface that need not be cemented or sewed to the felt base. The utility of each, its objects and purposes, may be attained without the use of a closely woven fabric between the fibrous base and the upper-rubber wearing surface.

We express no opinion as to the validity of either of the patents in suit but, in view of the state of the prior art, the claim of each patent is to be so narrowly construed that the range of equivalents allowable to each of the combinations described in each claim must include nothing which is not substantially identical with the means employed by Turner or Vrooman. Knapp v. Morss, 150 U.S. 221-230, 14 S.Ct. 81, 37 L.Ed. 1059.

The usual tests of equivalency are identity of function and substantial identity of performance. In a combination patent, if the alleged infringing device is made up of the principal things precisely as described in the patent and attains the same result, infringement is present, though minor parts may be omitted or taken from well known equivalents. Eames v. Godfrey, 1 Wall. 78, 68 U.S. 78-80, 17 L.Ed. 547; McDonough v. Johnson-Wentworth Co., 8 Cir., 30 F.2d 375.

The Ford mats are identical with those described in appellee's patent with the exception of the stitching of the layer of paper to the felt in lieu of cloth and the use of the glove fasteners for assembly. Substitution of one equivalent for another in a combination patent, does not avoid infringement, if the structure when completed contains all of the essential elements described in the patent claims. Infringement may not be avoided by making a device which differs in form if the infringer appropriates the principle and mode of operation of the patent device and obtains its result by the same or equivalent means. This rule applies even when the claim is narrowly construed if the alleged infringing device is within the narrow construction. Johns-Manville Corporation v. National Tank Seal Company, 10 Cir., 49 F.2d 142; Lourie Implement Company v. Lenhart, 8 Cir., 130 F. 122; Smith Cannery Machines Co. v. Seattle-Astoria Iron Works, 9 Cir., 261 F. 85; Angelus Sanitary Can Machinery Co. v. Wilson, 9 Cir., 7 F.2d 314; Highway Appliances Co. v. American Concrete Expansion Joint Company, 7 Cir., 93 F.2d 113; Berke v. Courtney Folding Box Corporation, 2 Cir., 93 F.2d 284; Peale-Davis Company v. West Kentucky Coal Company, 6 Cir., 95 F.2d 655.

The appellant cannot escape infringement, because it furnished a part only of the floor mats for the Ford Motor Company. It had knowledge that the part assembled by it was to be used in the completed combination and was a part thereof and was therefore a contributory infringer. Motor Wheel Corporation v. Rubsam Corporation, supra.

The second and third types of mats were identical with those described in appellee's patents, except the second type were beveled off or skived at the door openings and the third type had the felt base cut back from the edge of the rubber surface at some points and extending at all other points to the outer edges of the upper rubber wearing surface. Neither type had a layer of fabric attached thereto and each had the pad and rubber surface welded together by cement.

Notwithstanding these differences the appellant employed the principle and appropriated the substance of the claims of one or the other or both of appellee's licensed patents in all three types of mats. We are of the opinion there was substantial evidence to support the lower court's findings and its judgment is affirmed.