## SUTHERLAND PAPER CO. v. AUBURN CARTON CORPORATION et al.

### No. 7421.

Circuit Court of Appeals, Seventh Circuit.
March 5, 1941.

Rehearing Denied April 14, 1941.

F. Allan Minne, of Chicago, Ill., for appellant.

Max Richard Kraus, of Chicago, Ill., for appellees.

Before EVANS and SPARKS, Circuit Judges, and BRIGGLE, District Judge.

EVANS, Circuit Court.

Claims 5 and 6 of patent No. 1,906,337 are the subject of this suit. Both were held invalid and non-infringed by the District Court. The patent covers cartons for holding and carrying eggs.

The District Court rather pertinently observed:

"I do not know why there is so much prior art in egg carton cases unless it be because we human beings like to work with paper and shears."

The art is full to overflowing. Invention, if any exists, is to be found in an element, the object of which was to avoid egg breakage. This element is the cushion provided in plaintiff's structure. Without it, the structure lacks novelty, surely patentable novelty. While the cushion is the feature relied upon to sustain the patent, it is apparent that a successful carton must have, in addition, diverse elements productive of results, several of which the prior art shows were the subject of much thought and experiment.

It is stated that cartons are of two classes, one which is erected by machine; the other set up by hand. Plaintiff's patent deals with the latter class.

All cartons to be successful must be:

(1) Capable of being shipped from manufacturer in a knocked down condition. Cost compels this.

(2) The cartons must be so made as to be readily erected by the user. If six hundred to nine hundred can not be erected in an hour, the carton is fatally inadequate. It is unsatisfactory to the trade.

(3) The carton must be low in cost.

(4) A satisfactory carton must also display the eggs.

(5) The cartons must be capable of being stacked. This requires rigidity and a flat bottom surface.

(6) To be completely successful and satisfactory the carton must provide a cushion for the eggs. In other words, it must be constructed so as to minimize breakage.

The novelty of the plaintiff's carton is the element which supplies the cushion. It has all the other elements—old and common in the art, and it is the entire combination we must consider and test, by accepted standards for determining patentability. Its claim 5 reads as follows:

"5. A cellular carton comprising a body blank of suitable material cut and scored to provide a main bottom, a false bottom, front and rear side walls, and transverse partitions, a cover extending from the upper edge of the rear side wall and provided with a closure flap, the false bottom being at the end of the blank opposite the cover and being provided with supporting flaps at its edges, said supporting flaps being attached to the front and rear side walls to support the false bottom in spaced relation to the main bottom, the transverse partitions being between and connected to the front wall and the false bottom flap attached to the rear wall so that the partitions may be swung to an upright position on their attaching portions, and a longitudinal partition notched on its under edge to receive said transverse partitions and having lugs disposed through said false bottom and constituting central supports therefor."

Plaintiff bases its assertion of patentable novelty on its statement that it "was the first to devise an egg carton formed from a blank which has attached to the end of the blank opposite the cover a portion forming a false bottom and supporting flaps that are readily attached to the front and rear walls together with a longitudinal portion with lugs adapted to additionally support the false bottom."

"No such structure exists in the prior art," so appellant confidently asserts.

Our study of the prior art convinces us that this statement is justifiable and patentability resided in the combination.

It is unnecessary to discuss each of the prior art citations. We agree with the District Court, who observed:

"I do not find in the prior art called to the Court's attention any construction which in all particulars anticipates, or which can be said to anticipate the disclosure of the patent in suit."

An analysis of each prior art citation was by the court then made, and each citation is distinguished. Whether the differences leave plaintiff with a patentable combination is the precise and, we may add, somewhat close question in the case.

The narrow question which the prior art presents, anticipation being eliminated, is whether invention is displayed in view of this prior art. In fact, the question may be still more narrowed by restricting our study to the changes in the structure of the combination to ascertain whether plaintiff's means for providing a cushion for the eggs was more than mechanical skill, in view·of said prior art.

The prior art citations convince us that there were successful cartons on the market. Commercial success, however, in the field where a patent is a dominant factor is a relative term and does not preclude further advances or later patentable devices. The carton structures differ, though the goal of each manufacturer may be the same. It may be conceded that there are cartons better than the plaintiff's. One may cost more than another. Yet, certain users would prefer the more costly. Others minimize the value of the cushion element or what is here called the cushion structure. Still others stress a structure which will result in speed in erection of cartons. It is therefore quite impossible to attempt to pass upon the superiority of structures, the elements of which have different values, the appraisal of which varies with different users. The test determinative of patentability is the presence and character of the novelty and utility.

Our conclusion is that the differences here present spell patentable invention rather than mechanical skill. The changes were small, we must admit. But the advance was sufficient, if only inventive genius were present in their conception. We hold there was.

*Infringement.* The question of infringement is a narrow one. Did defendants avoid infringement by using two pieces of paper and gluing them together and thereby making one piece? For the purpose of determining infringement, defendants' two pieces, glued together, were one piece. Infringement was not avoided by using two pieces and gluing them together. Berke v. Courtney Folding Box Corporation, 2 Cir., 93 F.2d 284, 285. Line Material Co. v. Brady Elec. Mfg. Co., 2

Cir., 7 F.2d 48, 51; Directoplate Corp. v. Huebner-Bleisten Patents Co., 7 Cir., 25 F. 2d 96. Defendants' combination permits of the use of one heavier and one lighter piece. In fact, it may be an improvement over plaintiff's to do so, but it does not, for that reason, avoid infringement.

Other questions are not entitled to separate consideration.

The decree is reversed with costs, with directions to enter one in accordance with the views here expressed.