## ALGER v. UNITED STATES.
### No. 9628.

United States Court of Appeals
Seventh Circuit.

Dec. 17, 1948.

Alan T. Nolan, of Indianapolis, Ind., for appellant.

B. Howard Caughran, U. S. Atty., and Elba L. Branigin, Jr., and Maurice W. Graston, Asst. U. S. Attys., all of Indianapolis, Ind., for appellee.

Before MAJOR, Chief Judge, and KERNER and MINTON, Circuit Judges.

KERNER, Circuit Judge.

On May 14, 1942, appellant was tried and convicted by a jury in the Southern District of Indiana, for breaking into a post

office with intent to commit larceny. He did not appeal, but entered upon the service of two five-year sentences to run consecutively. On October 15, 1947, he filed an amended petition to vacate these sentences, on the ground that women had been intentionally and systematically excluded from the jury by which he had been tried. After a hearing on the petition, the trial judge made findings of fact, rendered his conclusions of law thereon, and entered an order denying the motion to vacate. To reverse the order, plaintiff has appealed.

A federal court juror is required to have the same qualifications as those of the highest court of law in the State where the court is sitting, Judicial Code, § 275, 28 U.S.C.A. § 411.[1] In Indiana, to be qualified as a juror, a person must be a resident voter of the county and a freeholder or householder. Burns' Anno.Stat. § 4-3317. Thus it is clear that women were eligible to serve as jurors in the federal courts sitting in Indiana.

At the hearing upon his petition to vacate the sentences, appellant was represented by counsel assigned to represent him. In support of his petition appellant introduced his affidavit in which it was averred that there were no women on the jury which tried his case; that he desired the presence of women on the jury; that upon expressing this desire to his attorney, he was advised that women were not permitted on juries in federal courts; that he did not learn that women had the right to act as jurors until he heard of the decision in the Ballard case, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181; and that had he known he had a right to have women on the jury he would have objected to going to trial before the jury that tried his case.

The attorney that represented him in the criminal cases was called as a witness in appellant's behalf. He testified that before accepting the jury that tried the cases, he discussed with appellant whether the jury was acceptable, but recalled no conversation in which his client said he desired to have women on the jury or that he ever told his client that women were not permitted on juries in the federal courts.

The District Court jury commissioner and the clerk of the court testified that the method of procuring the names of persons qualified to serve as jurors during the year 1942 was to write to the several judges of the circuit courts of Indiana and ask them to submit names of persons qualified as jurors; that upon receipt of the names from these judges, the names were placed in the juror's box; and that they never intentionally or systematically excluded women from either grand or petit juries.

The court found as a fact that in the criminal cases appellant was represented by counsel of his own choice; that the names of the persons that comprised the jury were drawn from the jury box containing the names of persons qualified to serve as jurors in the United States District Court for the Southern District of Indiana; and that at or before the trial no objection to the jury was made by appellant or his counsel. Based upon these facts, the court concluded as a matter of law that women had not been intentionally and systematically excluded from the jury which heard the criminal cases in which appellant was found guilty.

At the outset we are met with the contention that the case should be reversed because the court failed to find as a fact that women were intentionally and systematically excluded from the jury in the criminal cases. Appellant insists that the trial judge did not comply with Rule 52(a) of the Rules of Civil Procedure, 28 U.S. C.A., in that he did not find the facts specially and state separately his conclusions of law thereon.

As to this contention it will be enough to say that courts will not reverse because of the failure to comply literally with the provisions of Rule 52(a) if the findings, though found in the "opinion of the court" or under the heading "finding of facts" or "conclusions of law," are sufficiently comprehensive and pertinent to the issues so as to provide a basis for decision. Baldwin Rubber Co. v. Paine & Williams Co., 6 Cir., 99 F.2d 1; Walker v. Lightfoot, 9 Cir., 124 F.2d 3; and Hazeltine Corp. v. General Motors Corp., 3 Cir.,

---

[1] In 1948 Judicial Code, see 28 U.S.C.A. § 1861.

131 F.2d 34. See also amended Rule 52(a), 329 U.S. 839, 861.

■ Here, a plain reading of the trial judge's findings of fact and conclusions of law and his decision makes it clear that he treated and held as a fact that women had not been intentionally and systematically excluded from the jury which heard the criminal cases. We think this finding finds support in the evidence, and since we have held over and over again that the findings of the court must be clearly erroneous before we would be warranted in setting them aside, we cannot disturb these findings.

In Thiel v. Southern Pacific Co., 328 U.S. 217, 220, 66 S.Ct. 984, 985, 90 L.Ed. 1181, 166 A.L.R. 1412, the court said:

"The American tradition of trial by jury, considered in connection with either criminal or civil proceedings, necessarily contemplates an impartial jury drawn from a cross-section of the community. * * * This does not mean, of course, that every jury must contain representatives of all the economic, social, religious, racial, political and geographical groups of the community; frequently such complete representation would be impossible. But it does mean that prospective jurors shall be selected by court officials without systematic and intentional exclusion of any of these groups. Recognition must be given to the fact that those eligible for jury service are to be found in every stratum of society. Jury competence is an individual rather than a group or class matter. That fact lies at the very heart of the jury system. To disregard it is to open the door to class distinctions and discriminations which are abhorrent to the democratic ideals of trial by jury."

And in Ballard v. United States, 329 U.S. 187, 67 S.Ct. 261, 91 L.Ed. 181, the Supreme Court held that the purposeful and systematic exclusion of women from the panel was a departure from the scheme of jury selection which Congress has adopted.

Relying upon these cases, appellant calls attention to the fact that there were no women on the jury, and asks us to take judicial notice that approximately fifty percent of the eligible jurors in Indiana are women and that an all-male jury could result only once in 4,096 cases without some factor of exclusion or disqualification operating against women. He argues that it was incumbent upon appellee to explain the phenomenon "of the all-male jury." This, he says, was the reasoning of the Supreme Court in Patton v. State of Mississippi, 332 U.S. 463, 68 S.Ct. 184.

In the Patton case the evidence showed, without contradiction, that no Negro had served on the grand or petit jury for thirty years or more, although the adult population of the county was more than one-third Negro. These facts, the court said, created a very strong showing that Negroes were systematically excluded from jury service because of race, and it held that when such a showing is made, it becomes the duty of the State to justify such an exclusion as having been brought about for some reason other than racial discrimination. But this is not our case.

■ To be sure, the intentional, purposeful and systematic exclusion of women renders a jury incompetent to try a criminal case, but the mere fact that the names of the jurors drawn from a juror's box containing the names of qualified persons to serve as jurors did not include women, does not in and of itself prove that women had been intentionally and systematically excluded from the jury. Wong Yim v. United States, 9 Cir., 118 F.2d 667; York v. United States, 8 Cir., 167 F.2d 847; and Washington v. State of Ark., 210 S.W.2d 307, certiorari denied by the United States Supreme Court, 335 U.S. 884, 69 S.Ct. 232.

Appellee makes the point that the jury was accepted without objection, and that a motion to vacate a judgment must be made within a reasonable time. In view of the conclusion reached, we see no necessity to discuss the point raised.

Mr. Alan T. Nolan had no connection with this case until his appointment by this court to represent appellant here. He has submitted a helpful brief, and has ably argued his case. We are appreciative and grateful for the services rendered.

The order of the District Court is affirmed.